### Ed. Bridges v. D. R. Thomas.

(Filed Aug. 25, 1899.)

1. Property — *Building — Real or Personal Property — Question of Law.* Whether a building situate upon land is real or personal property is a question of law, to be determined from the facts as to the character of the building, its relation to the soil it occupies, and the intention of its owners or claimants.

2. Same—*Evidence—Presumption.* In the absence of a sufficient showing to the contrary, the law will presume that a building located upon a tract of land is part of the land it occup es. and is therefore real property.

3. Action—*Replevin—Pleading—Averment.* While, under certain conditions, replevin will lie to recover possession of a building, a petition in replevin for the recovery of a building, in order to state a good cause of action, should specifically aver such a state of facts as will clearly show that such building is personal property, and that the plaintiff has a right to maintain the action. It is not sufficient to aver generally that such building is personal property.

(Syllabus by the Court.)

*Error from the Probate Court of Garfield County; before W. M. Anderson, Probate Judge.*

*C. H. Parker,* and *John Curran,* for plaintiff in error.

*Anderson & Rush,* for defendant in error.

Action by Ed Bridges against D. R. Thomas. From a judgment sustaining a demurrer to the petition, plaintiff brings error. Affirmed.

Opinion of the court by

Burford, C. J.: The plaintiff, Bridges, brought his action in the probate court of Garfield county against

Thomas to recover a building.    The petition contains
these averments: "The plaintiff, for cause of action
against the defendant, alleges that he is the owner and
entitled to the following described personal property, to
wit: One frame two-story building, about 28 feet wide by
30 feet long, and now located on the south half of the
southeast quarter of section 8, in township 22, of range
6 W. I. M., in Garfield county, Oklahoma Territory; that
the said plaintiff is entitled to the immediate possession
of the said property." This was followed by allegations
of demand, refusal, and value.    The defendant Byerly
filed a disclaimer, and the cause was dismissed as to him.
The defendant Thomas filed a demurrer to the petition on
the ground that it does not contain facts sufficient to con-
stitute a cause of action.    The court sustained the de-
murrer, to which ruling the plaintiff excepted.    Judg-
ment was rendered for defendant for costs, and the plain-
tiff appeals.

The only question presented is the sufficiency of the
petition.    No affidavit in replevin was filed, and no writ
of replevin issued.    The contention of plaintiff is that
the court erred in sustaining the demurrer to the peti-
tion.    In support of the ruling of the court, it is con-
tended that this being an action to recover a building,
which may be either chattel or real property, the peti-
tion should aver such facts as will conclusively show
that the building was personal property.    As a general
rule, the presumption will be entertained that a building
located on real estate is real property, and not the sub-
ject of replevin.    This presumption as to the character
of the property will prevail until a state of facts is made
to appear which will show that such building is personal

property. Will the bare recital "that the plaintiff is the owner of the following described personal property" control, as against the further averment, to wit, "one frame two-story building about 28 feet wide by 30 feet long, located on the southeast quarter of section 8 in township 22, of range 6, W. I. M.?" The former recites a mere conclusion. The latter is specific and descriptive, and is in conflict with the former. No facts are averred by which the court can determine from the pleading that the building is other than that which the law generally presumes such property to be, viz. real property. It appears to be an action to recover real estate by replevin. While, as a general rule, general allegations of ownership, of value, and of wrongful taking or detention, are held to be sufficient in replevin, yet there are a number of exceptions to this rule. A general allegation of title will not be sustained by proof that plaintiff has a chattel mortgage on the property, and, when possession is claimed under a lien, the nature and amount of the lien must be pleaded. (Bliss, Code Pl. sec. 601.)

Where one claims the right to possession of chattels by reason of some special interest therein, or by virtue of a specific lien, or in the capacity of bailee, trustee, or in an official character, such interest or character should be specifically averred. General allegations of ownership would be insufficient. One of our learned text writers, discussing this subject, has appropriately said: "Therefore in his pleading the pleader must state every fact which it will be necessary for him to establish by evidence at the trial, and without proof of which his action must fail. He must state every fact which the

defendant at the trial will have the right to produce evidence to controvert.   He must state such facts, and every such fact, positively, and not in the alternative.   Such facts are generally termed 'material facts.'   If not material, they should not be pleaded.   The question whether a fact must be pleaded or not is determined by the question:   If such fact be not pleaded, or, if pleaded, and not supported by evidence when controverted, will the action fail?   If the action would fail in such case, then such fact must be stated in the pleading.   The plaintiff must allege in his complaint every fact which he must establish by evidence at trial, and, if a fact that it is necessary to set up in  the complaint be not stated, he will be denied the right to prove it at the trial."   (Fitnam Trial Proc. sec. 404.)

In the case under consideration, some particular state of facts would have to be proven from which it would appear that the building in controversy was, contrary to the general rule, personal, and not real, property.   In order to entitle the plaintiff to prove this particular state of facts they should be pleaded.   Such facts are material and issuable and mere evidentiary facts.   Whether a building is real or personal property is a question of law, dependent upon  the facts and circumstances affecting its relations to the land it occupies, and the relatons of the claimants to both building and land.   These facts should be pleaded, so that the court, applying the law to the facts pleaded, may determine whether or not the cause of action is properly brought.   The pleader in the case at bar attempted to aver that the building was personal property, and, without setting up any facts which would .give it the character of a personal chattel, im-

mediately proceeds to aver a state of facts which constitute it a part of the realty, and make it, presumably, real estate.

In our judgment the court correctly sustained the demurrer to the petition. We have been cited but one case which states a different rule. The supreme court of New Jersey, in the case of *Brearly v. Cox*, 24 N. J. Law, 287, held that it was no cause for demurrer to a declaration in replevin that it was brought for "a barn, shingle mill, office, and shed," for the reason that such things, while ordinarily fixtures and part of the realty, yet they might be personalty, and whether they were or not was a matter of evidence. The case is disposed of on the theory that the facts showing whether such things were real or personal was evidence, and that it was not proper to plead evidence. We do not consider the case based on sound reasoning. There are strong reasons why the rule should be otherwise. If one is entitled to maintain the action of replevin, and to have the property seized and delivered to him, before a court should permit its process to be used to sever a building from its resting place, and cause it to be placed on wheels and transported back and forth like live stock or other chattels, the character of which cannot be questioned, the one desiring such process should be required to plead a state of facts which, if proven, could leave no question as to his right to maintain the action, and to possession of the building. The judgment of the probate court is affirmed.

All of the Justices concurring.