## KILGORE v. LYLE.

No. 1221.    Opinion Filed January 9, 1912.

(120 Pac. 626.)

1.    **DAMAGES — Removal of Fixtures — Liability of Tenant.** In an action for damages on account of the removal of fencing and other fixtures from real estate, if the things removed, although a part of the real estate, have a value which can be accurately ascertained without reference to the soil on which they stand, recovery may be had of the value of the things thus removed without reference to the value of the real estate before and after the removal.

2.    **SAME—Removal of Fixtures—Evidence.** In an action to recover the value of fixtures wrongfully removed from the plaintiff's land, it is not error to admit evidence tending to show the original cost of these fixtures, as this is competent evidence to be considered by the jury in ascertaining the value of the fixtures at the time of the removal.

3.    **FIXTURES — ''Trade Fixtures'' — Improvements by Tenant.** Fences, a windmill, lightning rods, and the guttering around the house are not such trade fixtures as may be removed by a tenant who has erected them, unless there is some agreement to that effect.

(Syllabus by Ames, C.)

*Error from Grady County Court; N. M. Williams, Judge.*

Action by R. A. Lyle, defendant in error, plaintiff below, against Willis S. Kilgore, plaintiff in error, defendant below, to recover damages for injuries to the land of plaintiff. Judgment for plaintiff, and defendant brings error. Affirmed.

*Will Linn* and *F. E. Riddle,* for plaintiff in error.

*Bond & Melton,* for defendant in error.

Opinion by AMES, C. As this case finally reached the jury, it was an action by a landlord against a tenant to recover

damages because the tenant had wrongfully removed from the
land certain fixtures. The tenant was the defendant, and claimed
that the fixtures were erected by him, and were therefore properly
removable. The fixtures involved consisted of· fences, a wind-
mill, the guttering around the house, and lightning rods. A re-
covery was also sought for injuries to the well in taking down
the windmill, and damage to the house in tearing down the gut-
terings and lightning· rods. The plaintiff sued for $282 and
secured a verdict for $100.

The court admitted evidence tending to show the value of the
fixtures removed, and in so doing evidence of their cost was in-
troduced. The defendant claims that this was erroneous in two
respects—one in that the measure of damages was the difference
between the market value of the land before and after the fixtures
were removed; and the other in that, if the value of the
fixtures was the proper measure of damages, then it was incom-
petent to show their cost, but that the testimony, should have
been limited to their value at the time of their removal. We think
the defendant is wrong in both particulars. In 4 Sutherland on
Damages (3d Ed.) par. 1015, p. 2967, it is said:

"If the thing destroyed, although it is part of the realty, has
a value which can be accurately ascertained without· reference to
the soil on which it stands or out of which it grows, the recovery
may be of the value of the thing thus destroyed, and not for the
difference in the value of the land before and after such de-
struction. By value, in such a case, is meant the actual, not the
market, value. The real value of a building is to be ascertained
by taking into account the original cost and the cost of replacing
it, and making allowance for depreciation from use, age, and
other like causes, as the condition in which it was required."

In such cases evidence of the cost of improvements is com-
petent as a means of ascertaining their value, as is indicated
by the quotation from Sutherland on Damages, just made.

It is claimed by the defendant that the improvements had
been placed upon the land by him, and that he was, therefore, en-
titled to remove them. The law of trade fixtures erected by a
tenant is the subject of statute, and is embraced in section 7368,
Comp. Laws 1909, as follows:

"When a person affixes his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to the owner of the land, unless he chooses to require the former to remove it: Provided, that a tenant may remove from the demised premises any time during the continuance of his term anything affixed thereto for the purpose of trade, manufacture, ornament or domestic use, if the removal can be effected without injury to the premises, unless the thing has, by the manner in which it is affixed, become an integral part of the premises."

An application of this statute to the facts of this case makes it evident that the fixtures involved are not such as may be removed, and an examination of the authorities confirms one's first impression upon reading the statute. 2 Tiffany on Landlord and Tenant, par. 240, pp. 1570-1580. Numerous other errors are assigned which we do not deem it necessary to examine *seriatim,* but content ourselves with saying that we do not think any reversible error is apparent in the record, and therefore the judgment should be affirmed.

By the Court: It is so ordered.

All the Justices concur.