## ETCHEN v. FERGUSON.

No. 7621—Opinion Filed July 11, 1916.

(159 Pac. 306.)

1. **Vendor and Purchaser—Contracts—Liability of Vendor.**

A. entered into a contract with B. to deed him certain lots for factory purposes upon condition that he erect a building thereon, and a deed to that effect was made and placed in escrow. B. contracted with C. to do the woodwork and with D. to do the brickwork on said building. About the time the walls of the building had been completed to the second story and the window frames placed in the lower story, B. decamped, having failed to pay either C. or D. anything. A. settled with D. for the brickwork. Held, he did not thereby become bound to pay C. for the woodwork.

2. **Fixtures—Conversion into Realty—Requisites.**

When a person affixes his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to the owner of the land.

3. **Same—Mode of Annexation—Actual.**

A thing is to be deemed affixed to land when it is "permanently attached to what is thus permanent as by means of cement, plaster, nails, bolts, or screws."

4. **Same.**

Articles affixed to land in fact, although only slightly, are prima facie realty.

5. **Conversion—Nature of Property—Personal Property.**

A person cannot be guilty of conversion of real property.

(Syllabus by Mathews, C.)

Error from District Court, Nowata County; W. J. Campbell, Judge.

Action by George H. Ferguson against Charles A. Etchen. Judgment for plaintiff, and defendant brings error. Reversed, with instructions.

A. M. Etchen and W. E. Ziegler, for plaintiff in error.

Alva C. Hough and W. D. Humphrey, for defendant in error.

Opinion by MATHEWS, C. The parties will be designated here as they appeared in the trial court. On the 16th day of February, 1912, the defendant entered into a written agreement with one Von Walters, to the effect that he would deed the said Von Walters certain real property owned by him located in South Coffeyville, Okla., upon condition and for the consideration that the said Von Walters would erect a two-story building thereon to be used by the said Von Walters for certain manufacturing purposes. Accordingly defendant executed a warranty deed to said property, and placed the same in escrow to be delivered to the said Von Walters upon the completion of said building as specified in said contract. The deed contained this clause:

"This deed is given for factory purposes and it is hereby agreed that a factory will be erected on the tract of land according to contract and operated for at least one year, shutdowns and unavoidable accidents excepted."

Immediately following the execution of the above-mentioned contract, the said Von Walters contracted with one Brewster to furnish the brickwork for said building, and with the plaintiff, Ferguson, to do the woodwork. The said Brewster and plaintiff, Ferguson, then commenced the construction of the building and the brick walls were completed up to the second story, and Ferguson had prepared 52 window frames and inserted 26 thereof in the lower story of said building, and had also placed one door frame therein, and had run a girder around the building for the lower floor, and had prepared and put in place the joists for the lower floor. At this point the said Von Walters decamped without having paid either the said Brewster or plaintiff, Ferguson, anything upon the contract, and the work on the building at once stopped. The plaintiff had purchased the lumber used in said building from a local lumber dealer on account, and the same was charged on the books of the lumber company to Von Walters, and at the time of the trial the same had not been paid for. The last item of material was furnished on June 15, 1912, and on June 21, 1912, the plaintiff, Ferguson, filed a lien claim against the said Von Walters on the lots upon which said

uncompleted building was located for $418.65, and therein the said Von Walters was named as owner of the lots. Notice thereof was served upon the defendant, **Etchen**. This action was to foreclose this lien. The jury returned a verdict for the sum of $418.65, the amount sued for, and defendant brings error.

The trial court properly ruled against plaintiff's claim for a materialman's lien against the lots in controversy.

There are three paramount questions presented here, all of which are closely connected, and all will be treated together, they being as follows: (1) Did defendant, after Von Walters defaulted in the payments due plaintiff and Brewster, in settling with Brewster for his claim against Von Walters and taking over the incomplete structure, thereby become liable to plaintiff for the labor and material furnished by plaintiff for said building; (2) was defendant guilty of conversion; and (3) if so, is he liable also for the material prepared but not actually incorporated in said building? We are constrained to answer each of the above propositions in the negative.

The evidence introduced at the trial shows that the title to the lots upon which the building was being erected was in the defendant. While he had executed a deed thereto to Von Walters, yet the same was placed in escrow, and was not to be delivered until the building was fully completed. The plaintiff made no investigation as to the ownership of the lot before commencing work, but presumed that Von Walters had a deed to the same. After Von Walters left without paying either Brewster or plaintiff, defendant endeavored to make a settlement with each of the parties for their claim against the uncompleted building, and a settlement was effected with Brewster, but after much negotiating between plaintiff and defendant, they failed to agree on a settlement, the defendant testifying at the trial that he tried to settle with plaintiff, and at that time was willing to allow him something for the material he had in the building, but that it was of no use to him, the defendant, and, further, that he was still willing to carry out his contract with Von Walters with the plaintiff, or any one else who was willing to assume it.

The trial occurred nearly three years after defendant settled with Brewster for his claim in the uncompleted building, and at that time nothing had been done to complete the building, and the only evidence of any kind to show that defendant was presuming to exercise any control thereof was plaintiff's testimony that at one time he went to the building for the purpose of taking the joists off, and defendant's brother told him to stop taking anything from the building; that it belonged to them.

Putting the most liberal interpretation in favor of plaintiff upon the conduct and acts of the defendant, we are unable to see how, in law or in equity, defendant could be bound thereby to pay plaintiff's claim against Von Walters. The defendant was not a party to the contract between plaintiff and Von Walters, and merely because he saw fit to settle with Brewster for his claim in the uncompleted building did not put him in Von Walters' shoes, and thereby obligate him to complete the building or to pay plaintiff the amount due him by Von Walters.

While it is true the plaintiff might have had some equity in the uncompleted building itself, and while the evidence wholly fails to show that the defendant had ever taken possession or control in any way of the said building, yet it appears to us that he had the legal right to do so. Title to the lot had never passed from him, and section 6590, Rev. Laws 1910, specifies that anything affixed to land becomes a part of the land, and section 6592 states that a thing is to be deemed affixed to land when it is "permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws." Western National Bank v. Gerson, 27 Okla. 280, 117 Pac. 205; Kilgore v. Lyle, 30 Okla. 596, 120 Pac. 626. Articles affixed to land in fact, although only slightly, are prima facie realty. Tolle v. Vandenburg, 44 Okla. 780, 146 Pac. 212. It is provided by section 6749, Rev. Laws 1910, that when a person affixes his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to the owner of the land. The title to the lots was in the defendant. There was no agreement between him and the plaintiff that he could remove the woodwork placed by him in the building, and, unless it be made to appear to the contrary, a matter about which the evidence is silent in the case at bar, it is presumed all of the woodwork became a part of the realty, and therefore defendant had a right to forbid plaintiff from removing it. However, even that point is not involved in this case, because the evidence shows that he did afterwards remove and take into his possession all of said joists.

Plaintiff's claim that defendant was guilty of conversion will not lie for two reasons: (1) A person cannot be guilty of conversion of real property, and therefore the defendant cannot be found guilty of converting any of the woodwork so attached to the building as to become a part of it; and (2) in order to be guilty of conversion of personal property one must be in possession of it. Continental Gin Co. v. De Bord, 34 Okla. 66, 123 Pac. 159.

The evidence in this case shows that plaintiff had taken possession of the joists and window frames, with the exception of those placed in the building, and had stored the same, and in no event could defendant be held for converting plaintiff's property, while at the same time plaintiff had actual possession of the same. We do not think the case of Sharp Lumber Co. v. Kansas Ice Co., 42 Okla. 689, 142 Pac. 1016, in point, because in that case the conversion occurred before the lumber and material was used in the construction of the building.

For the reasons given, we recommend that the judgment be reversed, with instruction to the trial court to proceed in accordance with this opinion.

By the Court: It is so ordered.