McDOWELL v. KING et al.

96 P. 2d 37.

No. 28935.  Nov. 21, 1939.

D. E. Ashmore, of Wewoka, for plaintiff in error.

Geo. C. Crump and R. W. Carver, both of Wewoka, for defendants in error.

RILEY, J.  B. T. McDowell, plaintiff in error, instituted suit in replevin in a justice of the peace court in Wewoka against J. M. King and S. N. North for possession of a small two-room house. Judgment was for the plaintiff, but on appeal to the superior court the defendants prevailed. The plaintiff appeals.

The evidence shows that Fenton, an elderly man, constructed the house on a certain vacant lot in Wewoka, and lived there for a short while until his death. His son then sold the house to Mr. Thomas. The house was in turn sold to various persons. When defendant King purchased the lots, Mrs. Harrison, a widow, with children, was living in the house. North, agent for defendant King, told her he would give her the house if she would move it soon. Instead of moving the house, Mrs. Harrison sold it to plaintiff, w h o s e brother-in-law, Hubert Nelms, moved into the house. North informed McDowell and Nelms that King had purchased the property, but the house would be given to them if removed without delay. Nelms refused to move the house. Later North told Nelms he would have to serve him with notice and an altercation ensued. Thereafter Nelms was dispossessed and the present suit was instituted.

At no time did plaintiff offer testimony that permission to build the house had been given to Mr. Fenton by the owners of the lots. On the contrary, plaintiff's counsel adopts the view that Fenton was a "squatter."

Section 11730, O. S. 1931, 60 Okla. St. Ann. § 334, provides:

"When a person affixes his property to the land of another without an agreement permitting him to remove it, the

thing affixed belongs to the owner of the land, unless he chooses to require or permit the former to remove it. * * *"

In Etchen v. Ferguson, 59 Okla. 280, 159 P. 306, it was said:

"When a person affixes his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to the owner of the land."

In the case of Bridges v. Thomas, 8 Okla. 620, 58 P. 955, cited by plaintiff in error, it was held:

"In the absence of a sufficient showing to the contrary, the law will presume that a building located upon a tract of land is part of the land it occupies, and is therefore real property."

Objection is made to the instruction given the jury. We find the instruction more favorable to plaintiff in error than required, in that an issue of a gift of the house in question was submitted, whereas in brief and in record the plaintiff in error did not rely upon defendant's generosity.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and HURST and DAVISON, JJ., concur.