(No. 30201.—

HELEN W. HACKETT *et al.*, Appellants, *vs.* TRUSTEES OF SCHOOLS *et al.*, Appellees.

*Opinion filed September 18, 1947.*

MURPHY, C.J., and WILSON, J., dissenting.

BELLATTI, ARNOLD & FAY, of Jacksonville, for appellants.

THOMSON & THOMSON, of Jacksonville, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants, plaintiffs in the trial court, appeal from a decree of the circuit court of Morgan County dismissing their complaint for an injunction and enjoining appellants from destroying, removing, carrying away and appropriating certain buildings to their own use, as prayed in appellees' counterclaim.

The facts were stipulated and are: Appellants own a 40-acre tract of land from which, in 1878, one acre was conveyed by Andrew and Sarah Russell, appellants' predecessors in title, to appellees, trustees of schools of township 13 north, range 10 west, in Morgan county, for $75. The conveyance of the one acre was by warranty deed, which provided as follows: "One acre situated in the North West corner of the South West Quarter of the South East Quarter of Section Twenty-eight in Township Thirteen North, Range Ten West of the Third Principal Meridian, County of Morgan and State of Illinois. Provided always that in case the aforesaid premises shall be abandoned for school purposes, the owner of the forty acres from which the acre herein conveyed is taken shall have privilege of purchasing the acre herein conveyed for Seventy-five Dollars. If he shall refuse to purchase the same at that price, the said Trustees shall have the right to dispose of the same as by Statute made and provided, situated in the County of Morgan in the State of Illinois."

A schoolhouse and other buildings were erected on the one acre and occupied for school purposes until the fall of 1946 when, by reason of a consolidation of several school districts the property ceased to be used and was abandoned for school purposes. In November, 1946, the board of education of the consolidated district certified to appellees, trustees of schools, that the land and buildings were no longer necessary or suitable for a school and that the board desired the trustees to sell the site, buildings and improvements thereon. The trustees advertised the sale

of the site, schoolhouse, outbuildings and improvements at public auction December 7, 1946. Appellants, on December 6, 1946, paid the trustees $75 in cash and notified the trustees, in writing, that by so doing they were exercising their option to purchase the tract in accordance with the rights reserved in the deed. The trustees accepted the money but claimed the right to remove the schoolhouse and other improvements from the land. At the sale December 7, 1946, the trustees announced publicly that appellants had exercised their option to purchase the land, and that it, exclusive of the buildings, would be and was struck off to them. The trustees then proceeded to sell the schoolhouse and other improvements and they were struck off to individuals who are also appellees here. On or before December 6, 1946, appellants posted notice on the site advising prospective purchasers at the public sale that they were the owners of the buildings and other improvements on the land.

Appellants in their complaint, based upon the foregoing facts, sought to compel the trustees to execute a deed conveying to them the land without a reservation as to the buildings and improvements and to restrain the removal of the buildings and improvements by the trustees or the purchasers. Appellees filed a counterclaim to restrain appellants from removing the buildings and from interfering with their removal by appellees. After a hearing the complaint of appellants was dismissed and the prayer of the counterclaim was allowed and a decree entered in accordance with the finding of the court. Appellants urge that the court erred, (1) in dismissing their complaint and in entering judgment thereon in favor of appellees, and, (2) in entering judgment in favor of appellees on their counterclaim.

The question presented and argued is whether, under a deed such as the one here, appellants, as owners of the forty acres, in the repurchase of the land are entitled to

the buildings erected on the land by the school authorities. It will be observed that the deed was also an option contract. It was not the ordinary deed with a reversionary clause by which the land, upon the happening of a contingency, did, without more, revert to the original grantors, but it contained a contract that they might, if they chose, repurchase it at the exact price they received for it. The land did not revert to them by the happening of the contingency. It remained the property of the school trustees, burdened with the option contract.

Appellants admit that this court has not heretofore passed upon the question here involved and rely upon cases of foreign jurisdictions as support for their contention. They are *Williams* v. *Kirby School District,* 207 Ark. 458, 181 S.W. 2d 488, *Webster County Board of Education* v. *Wynn,* 303 Ky. 110, 196 S.W. 2d 983, and other Kentucky cases; *Rustin* v. *Butler,* 195 Ga. 389, 24 S.E. 2d 318; *Collette* v. *Town of Charlotte,* 45 Atl. 2d (Vt.) 203; *Putney* v. *School Dist. No. 4,* 215 Wis. 539, 255 N.W. 76, and others. Those cases involved the construction of deeds, each of which contained a provision, in effect, that if the land ceased to be used for school purposes, it reverted to the grantor. In those cases the holding was that under the express terms of the deed, title to the land reverted to the grantor immediately upon it ceasing to be used for school purposes, and it was held that under the common-law rule the improvements also passed to the grantor as a part of the realty. In *Schwing* v. *McClure,* 120 Ohio 335, 166 N.E. 230, it was said that, at the time of the execution of the deed, a statute provided that the income from the common school fund should be applied exclusively to the support of the common schools and when the property exceeded $300 in value, it was to be disposed of and sold at public auction, and that to hold that the buildings reverted to the grantor with the land, would

permit school authorities to dispose of school buildings without a consideration.

The issue in the cases relied upon was not the same as in the case before us, since the deeds contained no option contract, while the deed in the case under consideration does not contain an outright reversion clause but constituted, rather, an outright sale in fee simple, the grantor reserving an option to repurchase for the same consideration as received. The question presented is whether, under the language of the option contract contained in the deed, it was intended by the parties thereto that the improvements for school use, later to be placed on the land, were to be included in the option to repurchase at the price the school trustees paid the grantor for ·the land without buildings, if and when the grantor or his successors in title exercised the option. Nothing is said in the option contract about improvements and the price at which the grantor might exercise the option was exactly what he received for the bare land.

As early as 1857, (Laws of 1857, p. 271,) and continuously since that time, the legislature has expressly vested title to all school sites and buildings in the trustees of schools, (Ill. Rev. Stat. 1945, chap. 122, par. 4-21,) and provided the procedure for the sale of a school site, buildings or site with buildings thereon. Ill. Rev. Stat. 1945, chap. 122, par. 4-22, par. 4-23, par. 4-27, par. 4-28 and par. 14-4.

It seems clear that the grantors and grantee at the time the original deed was executed contemplated that a schoolhouse and other buildings would be erected by the school authorities and used for school purposes. Both parties to the transaction had notice of the act governing the holding and disposition of school property, and it therefore seems to us that when the deed recited an option to repurchase "the acre herein conveyed for Seventy-five Dollars," the

parties to the transaction contemplated that the right or option to repurchase related to only the land. Both parties to the deed were charged with notice of the power of the school trustees under section 4-22 of article 4 of the School Code, hereinbefore cited, to sell a school site, school buildings or site with buildings thereon.

It is a matter of common knowledge that values of real estate have advanced between December 4, 1878, the date of the deed, and December 7, 1946, the date of the sale by the trustees. By the exercise of the option to repurchase it is probable that appellants received title to the land at a price substantially less than it would have brought had the option not been exercised. The failure to provide in the deed the inclusion of the improvements in the option to repurchase strongly indicates that the repurchase of the land, alone, was what the parties to the deed contemplated and intended.

In *Board of Education* v. *The Alton Water Co.* 314 Ill. 466, this court held that "A municipal corporation holds its property in trust for public uses, and its funds can be used only for corporate purposes. They cannot be diverted to private use. Nor can the municipal authorities or the electors give away the money or property of the municipality." Little difference in the application of this principle is to be seen between a city and the trustees of schools. Each holds all its property in trust for public use. The effect of a construction of the deed here as contended for by appellants would be to confer on appellants a gift of the school buildings. We are of the opinion that such was not within the contemplation of the parties at the time the deed was executed and it would be inequitable to so construe the deed. The decree of the circuit court was right and is affirmed.

*Decree affirmed.*

MURPHY, C.J., and WILSON, J., dissenting.