DERIEG et al. v. BOARD OF EDUCATION OF TOWN OF CARNEGIE.

No. 33668. March 28, 1950.

*216 P. 2d 307.*

Sam L. Wilhite, of Anadarko, for plaintiffs in error.

Oris L. Barney, of Anadarko, for defendants in error.

ARNOLD, V. C. J. This action was commenced April 8, 1948, by Lurena J. Derieg et al. against School District No. 80 and its board of directors of Caddo county for the purpose of permanently enjoining the sale and removal of certain fixtures located upon a schoolhouse site theretofore occupied and possessed by the school district. Temporary injunction was granted, but upon hearing on the application for permanent injunction the temporary injunction was dissolved, and plaintiffs' action was dismissed.

Prior to statehood and about the year 1906, Wm. A. Derieg was the owner of the S.E. ¼ of section 7, township 8, range 13 W. in Caddo county, the same being the homestead of the said Wm. A. Derieg and his wife, Lurena J. Derieg. The qualified voters of School District No. 80, at a regular or special meeting called for that purpose, authorized its board of directors to procure a site and to erect a schoolhouse thereon for the use of the district. Wm. A. Derieg and Lurena J. Derieg gave permission to the board of directors of the school district to erect and equip the schoolhouse on a portion of their land above described, which permissive use of the land was accepted by the board of directors. The building was erected and equipped and from that time until some two years prior to the institution of this action, school was maintained by the district in the building and on the site. There was no contract, oral or written, between the board and the Deriegs as to disposi-

tion of the building upon abandonment of the school site for school purposes. The Deriegs refused to give a deed to the school ground. Wm. A. Derieg died in 1910, leaving his wife and seven children, now adults, who are joined with the widow as plaintiffs in this action.

In each of the two years preceding the commencement of this action, all of the pupils of School District No. 80 were transferred to some other district. At the annual meeting of the voters of School District No. 80 held in March, 1948, the board of directors, by vote of the qualified electors, was directed to advertise and sell the school building and its equipment and other buildings at public sale for cash. Notice of such intended sale was given by publication as required by law. Thereupon this action was commenced.

After development of the foregoing facts on May 14, 1948, the court found that plaintiffs were not entitled to the relief sought, dissolved the temporary injunction and entered judgment dismissing the action.

Three assignments of error are made in the petition in error as follows: First, that the judgment of the court is contrary to law; second, that the judgment of the court is contrary to the evidence; third, error of the court in dismissing said cause. These assignments of error appear as the legal propositions on which plaintiffs' argument in the brief is based.

Under the first two propositions it is the contention of plaintiffs that the school building and other facilities incident to its use are fixtures, becoming a part of the realty and go to the landowner with the reversion of the schoolhouse site upon its abandonment for school purposes. This contention and the argument of plaintiffs are based upon the language of 60 O. S. 1941 §334, which reads:

"When a person affixes his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to the owner of

the land, unless he chooses to require or permit the former to remove it: Provided, that a tenant may remove from the demised premises at any time during the continuance of his term any thing affixed thereto for purpose of trade, manufacture, ornament or domestic use, if the removal can be effected without injury to the premises, unless the thing has, by the manner in which it is affixed, become an integral part of the premises."

Plaintiffs rely for the applicability of this statute to the facts in this case upon certain decisions of this court in litigation between private individuals wherein this court has held uniformly that where a person places improvements upon the real estate of another without an agreement, express or implied, permitting their removal, they become a part of the realty and their removal therefrom may be enjoined. Among these authorities are: Bridges v. Thomas, 8 Okla. 620, 58 P. 955; Kilgore v. Lyle, 30 Okla. 596, 120 P. 626; Etchen v. Ferguson, 59 Okla. 280, 159 P. 306; McDowel v. King et al., 186 Okla. 90, 96 P. 2d 37. In this connection they argue the facts and circumstances of this case show there was no implied agreement.

The contrary contention of defendants is that improvements placed upon land by a school district with the express permission of the landowners, the cost of said improvements having been paid from public funds derived by taxation, are not within the operation of section 334, Id., nor controlled by the decisions of this court applying said statute in the cases relied upon by plaintiffs, but that such publicly owned property continues and remains the property of the school district.

No agreement oral or written is shown to have been entered into permitting the removal of these improvements when the use of the property for school purposes was abandoned.

In 1906, when Wm. A. Derieg and the plaintiff, his wife, gave permission to the school district to enter upon this land and to erect improvements thereon for school purposes, the Oklahoma Statutes of 1903 were in force and plaintiff and her husband were charged with knowledge of the law therein contained relating to school districts. Article 2, chapter 77, section 6146, of those statutes reads:

"Every school district organized in pursuance of this act shall be a body corporate, and shall possess the usual powers of a corporation for public purposes by the name and style of School District _____ (such a number as may be designated by the County Superintendent _____ County, (the name of the county in which the district is situated), and in that name may sue and be sued, and be capable of contracting and being contracted with, and holding such real and personal estate as it may come into possession of by will or otherwise, or as is authorized to be purchased by the provision of this act."

Article 3, chapter 77, section 6184, reads:

"The district (board) shall purchase or lease such a site for a schoolhouse as shall have been designated by the voters of a district meeting, in the corporate name thereof and shall build, hire or purchase such school house as the voters of the district in a district meeting shall have agreed upon, out of the funds provided for that purpose, and make sale of any school house site or other property of the district, and, if necessary, execute a conveyance of the same in the name of their office, when lawfully directed by the voters of such district, at any regular or special meeting and shall carry into effect all lawful orders of the district."

When the plaintiff and her husband donated the use of the site for school purposes, they were charged with knowledge that the law reserved to the school district the right to sell the fixtures so permissively placed upon the school site. The Territorial Statutes above quoted, in their full substance, have been in force since statehood and now appear in 70 O.S. 1941

§§64 and 114. At no time since 1906 has a right been vested in plaintiff to claim ownership of fixtures thus placed upon her land at the expense of the taxpayers of the district. School officials, like all other public administrative agencies, are bound by law to act in the public interest and within the limitations prescribed by law.

The Supreme Court of Ohio, in the case of Schwing v. McClure, 120 Ohio St. 335, 166 N. E. 230, with respect to a reverter clause in a deed to a school district, said:

"Members of a board of education of a school district are public officers, whose duties are prescribed by law. Their contractual powers are defined by the statutory limitations existing thereon and have no power except as is expressly given, or such as is necessarily implied from the powers that are expressly given.

"The members of the board of education of a school district are not authorized to convey or transfer to private parties, without consideration, any of the property of the school district, real or personal. Hence, the acceptance by such members of the board of education of a school district of a deed providing that if at any time the premises in question shall cease to be used for school purposes, the same shall at once vest in said grantors, their heirs and assigns, forever, is not effectual to constitute a public school building erected upon such premises with public funds a part of the realty, so that such building passes with the realty upon reversion to the heirs of the grantor."

The Illinois Supreme Court in the case of Hackett et al. v. Trustees of Schools et al., 398 Ill. 27, 74 N. E. 2d 869, followed the Schwing case, supra, in holding that an option in a deed to a school district providing that the seller might purchase the land for $75 upon abandonment of the land for school purposes did not include the improvements.

In the case of Rose v. Board of Directors of School District No. 94 of Miami County, Kan., 162 Kan. 720, 179 P. 2d 181, the Kansas Supreme Court cited the Schwing case, supra, with approval, in a case where a deed conveying a one-acre tract of land to a school district for use for school purposes with the stipulation in the deed that if the premises were abandoned for school purposes, the land together with the appurtenances thereon should revert to the grantors. The Kansas court therein held that the school district board did not have authority to accept a deed with such a reversion clause, but that in spite of the reversion clause the improvements remained the property of the district after abandonment of the land for school purposes.

The improvements here involved not ever having become a part of the realty it is obvious that the statute of frauds is in nowise applicable.

Plaintiffs have cited no authority from this court, and we have found none, where the provisions of 60 O.S. 1941 §334 have been held to apply to acts of school boards or to school district meetings where the loss of publicly owned property to the district is involved. We think such an application of that section would be in contravention not only of the Statutes of the Territory and of the state, but would run counter to the organic law. To apply section 334, supra, in this instance, would be to require the board to violate its trust and exceed its authority. Any express contract by the board that the property involved would go to the owners of the land upon abandonment for school purposes would be violative of the statutory restrictions placed on it and unenforceable.

On May 27, 1948, application was made to the district court to substitute parties defendant. From this application it appeared that the county superintendent of Caddo county, by proceedings duly had, annexed School District No. 80 to School District No. I-33 and to Alfalfa School District No. C-4 and entered an order disorganizing School District No. 80. Upon hearing

of this application the district court sustained the same and ordered that the Board of Education of the town of Carnegie, School District No. I-33 Caddo County, Oklahoma, and Alfalfa School District No. C-4, Caddo County, Oklahoma, be substituted as defendants in lieu of the original defendants named in this action.

Plaintiffs' third assignment of error, that the trial court erred in dismissing this cause at the close of the hearing on the application for temporary injunction and before the issues were made up, is without merit under the facts disclosed by the record, and our holding herein that the section of the statute relied upon by plaintiffs is not applicable. The action was solely for permanent injunction. Under the undisputed facts, plaintiffs are not entitled to a permanent injunction. No useful purpose could have been served by further hearing in the matter. It was not error to dismiss the cause of action without again hearing it on application for permanent injunction. 32 C.J. §600.

Judgment affirmed.

DAVISON, C.J., and WELCH, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. O'NEAL, J., dissents.