Dear Representative Smaligo,
¶ 0 This office has received your request for an Opinion in which you asked, in effect, the following question:
Is it unlawful under 26 O.S. 1991, § 16-119[26-16-119] for the board ofa school district whose funding will be affected by the outcomeof an initiative or referendum election to make the expenditureof that school district's funds for employee compensationcontingent on the outcome of the election?
¶ 1 Your question concerns the possible use of public funds to advocate a specific election result.
¶ 2 The pertinent statutory prohibition against the use of public funds in support of or opposition to an initiative or referendum election reads as follows:
 Any official in this state who shall direct or authorize the expenditure of any public funds under his care, except as specifically authorized by law, to be used either in support of, or in opposition to, any measure which is being referred to a vote of the people by means of the initiative or referendum, or which citizens of this state are attempting to have referred to a vote of the people by the initiative or referendum, shall be deemed guilty of a misdemeanor, and the office held by such party shall be adjudged vacant and shall be filled in the manner prescribed by law.
26 O.S. 1991, § 16-119[26-16-119].
¶ 3 The Oklahoma Supreme Court has held this statute to be "a penal law, that is, a statute which imposes a penalty and punishment for an offense of a public nature, and because it is also punishable as a misdemeanor it is therefore a criminal law as well." Quinn v. City of Tulsa, 777 P.2d 1331, 1339 (Okla. 1989).
¶ 4 The Court in Quinn goes on to say:
 Penal statutes are to be strictly construed and any cause of action based upon such a statute must be clear and without doubt. Likewise, criminal statutes are to be strictly construed and a person cannot be convicted of a crime unless the act which is committed is within both the letter and the spirit of the statute.
Id. at 1339-40.
¶ 5 Under a strict construction of Section 16-119, a public official is in violation of the statute only if that officialdirects or authorizes the expenditure of public funds to beused in support of or opposition to the initiative or referendum. In the scenario described by your question, there is no direction or authorization for expenditure for the purpose of supporting or opposing an initiative or referendum. Thus, violation of the statute would depend on some possible indirect effect of a public official's action, which does not rise to the level of being "clear and without doubt" as required by Quinn,
cited above.
¶ 6 If a public entity's funding is going to be affected by the results of a pending election, the officials of that entity are not only entitled but obligated to consider that factor in planning expenditures from the entity's budget. Public officials should not incur obligations which the public entity may not have funds to pay, but instead must exercise financial responsibility.See Okla. Const. art. X, § 23. Their first obligation is to act in the public interest and within the limitations prescribed by law. See Derieg v. Board of Education of Carnegie,216 P.2d 307, 309 (Okla. 1950).
¶ 7 The fact that some employees' benefits may be dependent on the outcome of an election which affects funding is merely a side effect of prudent budget balancing. A possible inference that some people could be influenced to vote a certain way in an initiative or referendum election because the compensation of some public employees would be affected by the election's outcome is too remote to fall within the prohibitions of Section 16-119. A public official cannot be held criminally liable for taking into account the possible results of an initiative or referendum election affecting funding when making decisions regarding employee compensation.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
It is not unlawful under 26 O.S. 1991, § 16-119[26-16-119] for theboard of a school district whose funding will be affected by theoutcome of an initiative or referendum election to make theexpenditure of the school district's funds for employeecompensation contingent on the outcome of the election.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GAY ABSTON TUDOR ASSISTANT ATTORNEY GENERAL