2004 OK CIV APP 7

**McCRAW OIL COMPANY, INC., A Texas Corporation, Plaintiff/Appellee,**

v.

**Preston M. PIERCE a/k/a Mike Pierce d/b/a Pierce Grocery and Station, Defendant/Appellant.**

No. 98,963.

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 19, 2003.

Heather Hillburn Burrage, Durant, OK, for Plaintiff/Appellee.

John K. Bounds, Hugo, OK, for Defendant/Appellant.

## OPINION

CARL B. JONES, Judge.

¶1 Appellant, Preston M. Pierce a/k/a Mike Pierce d/b/a Pierce Grocery and Station, operates a grocery store and gasoline service station in Boswell, Oklahoma. Appellee, McCraw Oil Company, Inc., a Texas Corporation, supplies gasoline and related products to retail businesses in Oklahoma and Texas. Prior to 1980, Appellant purchased gasoline supplies from Combine Oil Company (Combine). Appellant's account was serviced by Ronald Starns, the son of the operator of Combine. Combine installed the underground storage tanks (USTs), electric gasoline dispensers (pumps) and a canopy on Appellant's property for the purpose of distributing Combine's gasoline products. In 1990, Appellee acquired Combine. As a result, Appellee became Appellant's supplier of all gasoline and gasoline related products. Ronald Starns, now an employee of Appellee, continued to service Appellant's account. A dispute arose between the parties concerning amounts due for delivered gasoline. Appellant claims Appellee withheld further deliveries of gasoline products because Appellant disputed the amount owed and refused to sign a note with Appellee. Appellee counters it ceased supplying gasoline products to Appellant because he remained behind in his payments for many years.

¶2 On January 9, 2003, Appellee filed an action against Appellant for: 1) breach of contract for money damages due on an open account; 2) replevin of four USTs, two pumps and a canopy; and 3) temporary injunction enjoining Appellant's use of the USTs during the pendency of the action.

¶3 The hearing on Appellee's application for a temporary injunction was held on February 6, 2003. During the hearing, Appellee's president, Doyce Taylor, testified when Appellee purchased Combine, the USTs, pumps and canopy installed upon Appellant's property were included in the purchase. Taylor presented a "State of Oklahoma Storage Tank Program Permit Certificate" which listed Appellee as the owner of the USTs located at Appellant's gas station. Taylor also explained since his company was no longer supplying fuel to Appellant, it could not submit reports required under the Oklahoma Storage Tank Regulation Act, 17 O.S. 2001 § 301 et seq. (the Act), nor could it control or supervise the maintenance and operation of the USTs or properly report any leakage as required by the Act. Appellee urged without injunctive relief, it could lose its permit and be exposed to fines up to $10,000.00 per day, punitive damages, criminal charges and civil liability.

¶4 Appellant countered Appellee was not entitled to injunctive relief because Appellee failed to produce evidence of its ownership of the USTs and other equipment. Appellant testified he entered into a written agreement with Starns whereby he acquired ownership of the USTs and other equipment by paying an additional three cents ($.03) a gallon over a ten (10) year period. Appellant testified a state inspector for the Corporation Commission had changed the ownership of the USTs to Appellant. However, Appellant could not produce any written evidence of the agreement with Starns or documentation of any change of ownership. As further evidence of his ownership, Appellant related that he repaired and maintained the equipment in compliance with the statutory requirements.

¶5 At the conclusion of the hearing, the trial court granted the injunction on the basis that Appellee was the owner of the USTs and thus, it met the evidentiary requirements

necessary to obtain an injunction. Appellant filed a motion to reconsider or modify order and a motion for additional stay. Both motions were denied. Appellant appealed.

¶ 6 When we review an order granting injunctive relief, as in any equity action, this Court will review the evidence, but will not disturb the trial court's findings and judgment unless found clearly against the weight of evidence. *Amoco Production Co. v. Lindley*, 1980 OK 6, ¶ 50, 609 P.2d 733, 745. The four criteria the court considers in deciding whether to issue a temporary injunction are: (1) applicant's likelihood of success on the merits; (2) irreparable harm to the party seeking relief should the temporary injunction be denied; (3) relative effect on other interested parties, and (4) public policy concerns arising out of the issuance of injunctive relief. *Roye Realty & Developing, Inc. v. Watson*, 1990 OK CIV APP 21, ¶ 4, 791 P.2d 821, 823.

¶ 7 Appellant urges Appellee failed to prove its ownership of the USTs; therefore, it failed to produce sufficient evidence of its likelihood to succeed on the merits. We disagree. We find Appellee presented sufficient indicia of ownership to meet this criteria. Under § 303(14) of the Act, an "owner" means "any person who holds title to, controls or possesses an interest in a storage tank system used for the storage, use or dispensing of regulated substances." The permit certificate produced by Appellee at the hearing—which listed Appellee as the "owner" of the USTs located at Appellant's establishment—was sufficient evidence to support the trial court's determination that Appellee is the owner of the USTs and thus is likely to prevail on the merits of its lawsuit.

¶ 8 Appellant next urges Appellee failed to show it will be irreparably harmed if the injunction were not granted. "Injury is irreparable when it is incapable of being fully compensated by money damages, or where the measure of damages is so speculative that arriving at an amount of damages would be difficult or impossible." *Manuel v. Oklahoma City University*, 1992 OK CIV APP 73, ¶ 23, 833 P.2d 288, 293. Although money damages may be sufficient to compensate Appellee under the breach of contract claim, money damages may not fully compensate Appellee for the penalties resulting from violations of the Act.[1] After reviewing the applicable law, we find Appellee has sufficiently shown it could be irreparably injured if the temporary injunction were denied.

¶ 9 Appellant also urges he and the Town of Boswell will be irreparably harmed if the injunction is allowed to stand. He argues the injunction will cause the loss of business and loss of his employees' jobs because his business is only one of four businesses that sell gasoline to the public within the town of Boswell and is the only establishment that sells groceries. We reject this contention. The evidence reveals retail gasoline products are obtainable from other establishments in town and Appellant may still conduct his grocery business.

¶ 10 Appellant also contends unless Appellee can produce an agreement permitting the removal of the USTs, the buried facilities became fixtures under *McDowell v. King*, 1939 OK 509, 96 P.2d 37. There, the Court quoted *Etchen v. Ferguson*, 59 Okl. 280, 159 P. 306 (1916), for the general proposition: "When a person affixes his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to the owner of the land."

¶ 11 Appellee urges Appellant failed to raise this issue in the pleadings filed with the trial court and thus this argument should not be considered by this Court. After reviewing the transcript of the hearing, we find Appellant sufficiently raised this issue during the temporary injunction hearing; therefore, we next address whether the USTs installed by Appellee's predecessor are fixtures belonging to Appellant as the owner of the real property or whether they are removable "trade fixtures" belonging to Appellee.

---

1. Violations of the Act may result in the denial, suspension or revocation of the permit required to operate the storage tank system; financial liability for the cost of corrective action in the event of a release; administrative penalties of not more than $10,000.00 per day; and criminal and civil liability. *See* §§ 308–309, 311 and § 312.

¶ 12 Independent research reveals a majority of jurisdictions treat USTs as trade fixtures which are removable by and remain the personal property of the bailor or lessee. *See, e.g., Sgro v. Getty Petroleum Corp.*, 854 F.Supp. 1164 (D.N.J.1994), aff'd, 96 F.3d 1434 (3d Cir.1996); *Shell Oil Co. v. Capparelli*, 648 F.Supp. 1052 (S.D.N.Y.1986); *Lee-Moore Oil Co. v. Cleary*, 295 N.C. 417, 245 S.E.2d 720 (1978); *Ilderton Oil Co. v. Riggs*, 13 N.C.App. 547, 186 S.E.2d 691 (1972); *First Nat. Bank of McAdoo v. Reese*, 356 Pa. 175, 51 A.2d 806 (1947); *Bence v. Spinato*, 196 Wis.2d 398, 538 N.W.2d 614 (1995); *Standard Oil Co. v. La Crosse Super Auto Service*, 217 Wis. 237, 258 N.W. 791 (1935); and *Griffiths v. Office of State Fire Marshall*, 301 Ill.App.3d 658, 235 Ill.Dec. 361, 704 N.E.2d 934 (1998).

¶ 13 Although we have been unable to find any Oklahoma cases specifically dealing with this issue, the Supreme Court held a pipeline capable of being removed is tangible personal property and a trade fixture. *Magnolia Petroleum Co. v. Oklahoma Tax Commission*, 1958 OK 124, 326 P.2d 821. In addition, the Court of Civil Appeals held casings in wells, derricks, engines and other machinery placed upon the land by the lessee for developing and operating the land for oil and gas purposes are considered trade fixtures and may, without express agreement, be removed within a reasonable amount of time. *See Garr–Woolley v. Martin*, 1978 OK CIV APP 11, ¶ 10, 579 P.2d 206, 208; *see also Luttrell v. Parker Drilling Co.*, 1959 OK 29, 341 P.2d 244.

 ¶ 14 Oklahoma courts primarily look to the contracting parties' intent to determine whether underground equipment is a trade fixture or a permanent addition to the realty. *Magnolia Petroleum Co.* at ¶ 9, 326 P.2d at 823. In the instant case, Appellant's assertion that he contracted to purchase the equipment evidences his understanding and intent that such equipment was not a part of his land, but was the personal property of Appellee's predecessor until Appellant fully paid for the equipment. In addition, the petroleum storage tank program permit certificate produced by Appellee evidences Appellee's intent to retain ownership and re-sponsibility for such USTs. Accordingly, we reject Appellant's assertion that the USTs are non-removable fixtures.

¶ 15 The trial court's grant of a temporary injunction is not clearly against the weight of the evidence; therefore, it is affirmed.

¶ 16 AFFIRMED.

HANSEN, J., and MITCHELL, P.J., concur.