### CHASE et al. v. MacDONELL.

No. 20707. Opinion Filed Jan. 19, 1932.

J. S. Ross, J. H. Ross, S. J. Clay, and F. J. Lucas, for plaintiffs in error.

F. G. Viger and F. E. Riddle, for defendant in error.

HEFNER, J. On the 20th day of July, 1928, W. L. Stroud recovered judgment by default against Fred D. MacDonell in the justice of the peace court in the city of Tulsa. Thereafter an execution was issued on the judgment and placed in the hands of Arthur Chase, constable, who levied upon an automobile which belonged to MacDonell. On November 7, 1928, by agreement of the parties, the judgment was vacated and the automobile returned to MacDonell. It was returned in a damaged condition. MacDonell, as plaintiff, then brought this action in the common pleas court of Tulsa county against Arthur Chase, constable, and the Union Indemnity Company, surety on his official bond, to recover damages. The trial was to a jury, and a verdict and judgment in favor of plaintiff was entered in the sum of $450.

Defendant surety company contends that it is not liable because the judgment on which the execution is based is void. The record in the original action fails to show that plaintiff herein, defendant in that action, was properly served with summons, and plaintiff in his petition alleged, and at the trial testified, that no summons was served on him. The constable's return recites:

"I received this summons on the 17th day of 7, 1928, and I served the same on the following persons, named herein, at the time and in the manner following, to wit: On 7-17 Served in Person, 1928."

It will be noticed that while the constable in his return states that he served the summons in person, he does not state upon whom it was served. It is the contention of defendant surety company that, under this return and plaintiff's evidence, the judgment upon which the execution is based is void on its face and that in making the levy the constable was not acting by virtue of this office, but was a mere trespasser, and that it is therefore not liable, and in support thereof relies on the case of Inman v. Sherrill, 29 Okla. 100, 110 P. 426, and kindred cases, wherein the following rule was announced:

"Where an officer, while doing an act within the limits of his official authority, exercises such authority improperly, or exceeds his official powers, or abuses an official discretion vested in him, he becomes liable on his official bond to the person injured. But where he acts without any process and without the authority of his office, in doing such act, he is not to be considered an officer, but a personal trespasser."

We think these cases inapplicable to the facts in the instant case. The constable in the case at bar was not acting without process, nor was he acting under process void on its face. The execution under which he made the levy was valid on its face. The court in which the judgment was rendered had jurisdiction of the subject-matter, and the fact that the service upon defendant in that action was irregular, or that there was no service upon him, did not render the execution utterly void so as to constitute the officer making a levy thereunder a trespasser.

In vol. 24 R. C. L., at page 993, it is said:

"With respect to the protection afforded by process regular on its face to the officer executing it, there is a well settled line of distinction between cases where the tribunal from which the process issues is without jurisdiction of the subject-matter and cases where the tribunal has jurisdiction of the subject-matter, but in the particular instance exceeds its jurisdiction, or is without jurisdiction of the person of the party against whom the process is directed. It is now well established that if the tribunal is without jurisdiction of the subject-matter, the process is wholly void, and the officer acting under it is without authority and is liable to an action of trespass; but if the tribunal has jurisdiction of the subject-matter the officer is protected by process regular on its face notwithstanding the tribunal exceeds its jurisdiction in issuing the particular process, neglects to require some necessary step to be taken, such as the filing of a bond, has not jurisdiction of the person of the defendant against whom the process issues, or is required to ascertain a particular fact to exist in order to be authorized to

take further cognizance of the proceeding and decides wrongly respecting the existence of that fact. * * *"

The execution under which the levy was made was valid on its face. The court had jurisdiction of the subject-matter. The constable, in making the levy, was acting by virtue of his office, and the surety on his official bond is, therefore, liable for any damages to the property caused by him while holding the property in his possession and custody thereunder.

Defendant surety company further contends that plaintiff's petition is defective and that its demurrer thereto should have been sustained. The objection is based on the ground that the petition alleges that the levy was made under a void execution. While it is true that the pleader used the word "void" in referring to the execution, the facts are pleaded and it is evident that the word "void" was inadvertently used and that the pleader intended to allege that the execution was voidable instead of void. So construing the pleading, there was no error in overruling the demurrer thereto.

Both defendants contend that plaintiff failed to prove damages and that their motion for a directed verdict should have been sustained. In this connection it is urged that there is no evidence which establishes what it would have cost plaintiff to repair the automobile. The evidence discloses that the automobile was considerably damaged while in the custody and possession of constable. It was not, however, damaged beyond repair. The cost of repair and the value of the loss of the use thereof pending repair would, therefore, be the proper measure of damages. Marland Refining Co. v. Duffy, 94 Okla. 16, 220 P. 848. Plaintiff offered no evidence as to the cost of repairing the car, but offered evidence as to the difference in the value thereof before it was taken and after its return by the constable. No objection was made by defendants to this evidence. They will, therefore, not be heard to complain in this court that a wrong rule as to the measure of damages was applied in the trial court.

It is further urged that plaintiff was not properly qualified to testify as to the difference in the value of the car before it was taken and after its return. It is not shown that his testimony was objected to; he was the owner of the car and had acquired some knowledge as to its value, and was sufficiently qualified to testify relative thereto.

Judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, AN-DREWS, McNEILL, and KORNEGAY, JJ., concur.