SEWELL et al. v. REINHARDT et al.

No. 33794.   June 27, 1950.

*219 P. 2d 996.*

Chauncey D. Twine, of Muskogee, for plaintiffs in error.

William B. Moore, of Muskogee, for defendants in error.

LUTTRELL, J. This action was brought by plaintiff, Fred W. Sewell, and others, as sole heirs of Billy Sewell and Tacy Sewell, deceased, against the defendants, J. R. Reinhardt and Union Graded School District No. 4, Muskogee County, to recover damages for the alleged wrongful sale of a schoolhouse by the defendant school district to the defendant Reinhardt. The case was tried to the court without a jury, a jury being waived by both parties, and at the conclusion of the trial the court rendered judgment in favor of defendants. Plaintiffs appeal.

The sole question presented is whether the schoolhouse, which is the subject of the controversy, having been erected upon land deeded to the school district by Billy Sewell and Tacy Sewell, became a fixture, and upon the failure to use the property for school purpose became the property of the plaintiffs.

The essential facts are undisputed, and are as follows: In 1926, Billy Sewell and Tacy Sewell conveyed to the school district, for school purposes, approximately three acres of land out of a larger tract owned by them to Muskogee county, the deed providing that the land was to be used for school purposes only and that when it ceased to be used for school purposes it should revert to the grantors or their heirs. The schoolhouse in question was erected upon this three-acre tract in 1927, and used as a separate school for colored persons until 1942, at which time, according to the testimony of the members of the school board and others, it was so badly in need of repair that it could not be further used for school purposes, and the children who had formerly attended school there were transferred to another school in the same district.

In 1947 the county commissioners of Muskogee county, being informed by the county superintendent of schools that the property was no longer being used for school purposes, made a quitclaim deed of the land to Billy Sewell and Tacy Sewell, both of whom had died long previous to the date of the deed.

Plaintiffs produced witnesses who testified that while the school building sold for $200, the valuation placed upon it by the county superintendent and members of the school board and others, it was in reality worth some $2,000 or $2,500, and that by its removal they had been damaged to that extent.

The county superintendent of Muskogee county, produced as a witness by the plaintiffs, testified that the school district in which this school building was located united with another school district so that the two formed Union Graded District No. 4, and became an independent school district under the law. It is not questioned that the school building was erected with the funds of the school district, and the school board members, and the principal of the separate schools in the independent district testified that the building fell into dis-repair and that they were unable to obtain funds to repair it, for which reason the school children were transferred to another school in the district.

We are unable to agree with the contention of plaintiff that the school building became a fixture when erected upon the three-acre tract; that under the provisions of 60 O.S. 1941 §334, it belonged to the owner of the land, there having been no agreement that it could be removed, and that when the land was quitclaimed by Muskogee county to Billy and Tacy Sewell that quitclaim deed vested title in the school building in the heirs of Billy and Tacy Sewell.

70 O.S. 1941 §471 provides that the board of education of each independent school district in which separate schools having white and colored children are maintained, shall have the management and control of the property used therein for separate school purposes, and authority to sell and dispose of any such property, both real and personal, which

is unsuitable or not needed for school purposes.

In Derieg v. Board of Education of the Town of Carnegie, 202 Okla. 577, 216 P. 2d 307, we considered a somewhat similar situation. In that case the landowners permitted the erection of a schoolhouse upon land owned by them without any contract, oral or written, between them and the school board as to the disposition of the building upon abandonment of the school site for school purposes. We held in that case that the school building did not become a fixture; that the law reserved to the school district the right to sell the building so placed upon the school site, and it could sell and dispose of the building upon the abandonment of the site for school purposes. In that case we cited with approval Rose v. Board of Directors of School District No. 94 of Miami County, Kansas, 162 Kan. 720, 179 P. 2d 181. We said:

"In the case of Rose v. Board of Directors of School District No. 94 of Miami County, Kansas, 162 Kan. 720, 179 P. 2d 181, the Kansas Supreme Court cited the Schwing case, supra, (Schwing v. McClure, 120 Ohio St. 335, 166 N.E. 230) with approval in a case where a deed conveying a one-acre tract of land to a school district for use for school purposes with the stipulation in the deed that if the premises were abandoned for school purposes the land together with the appurtenances thereon should revert to the grantors. The Kansas court therein held that the school district board did not have authority to accept a deed with such a reversion clause, but that in spite of the reversion clause the improvements remained the property of the district after abandonment of the land for school purposes.

"The improvements here involved not ever having become a part of the realty it is obvious that the statute of frauds is in nowise applicable."

We consider this decision controlling in the instant case, and hold that the quitclaim deed from Muskogee county could not and did not convey the school building to plaintiffs. Whether that deed conveyed title to the three acres theretofore deeded to Muskogee county for school purposes by Billy and Tacy Sewell is a question not presented for our determination, and we express no opinion thereon.

Judgment affirmed.

WELCH, CORN, GIBSON, HALLEY, and JOHNSON, JJ., concur. O'NEAL, J., dissents.