SPENCER v. BOARD OF EDUCATION, SCHOOL DIST. NO. 6, HAWORTH.

No. 35136.   July 15, 1952.

*246 P. 2d 333.*

Geo. T. Arnett, Idabel, for plaintiff in error.

Ed Shipp, Idabel, for defendant in error.

BINGAMAN, J.   The sole question presented in this case is whether a provision in a lease made by a landowner to a school district, providing that upon the failure or refusal of the school district to have school on the leased premises, the land itself together with all improvements thereon should revert to the lessor, is valid. The trial court held that the lease contract, in so far as this provision was involved, was null and void, and refused to enjoin the school district from removing the buildings erected thereon from the premises. The landowner appeals.

From the record and stipulations of the parties it appears that during 1920, William Spencer leased to School District No. 59, of McCurtain county, three acres of his land for school purposes. The lease was destroyed by fire and could not be produced at the trial, but the sole witness in the case, who was

secretary of the school board of District No. 59 at the time the lease was made, and who testified that he made the deal for the lease with Spencer, testified that the lease provided that the land could be used so long as it was used for school purposes and that if there ceased to be a school it went back to Spencer, together with all improvements placed thereon by the school district. The school board accepted the lease and from the proceeds of a bond issue built a schoolhouse thereon, and thereafter a teacherage was also built on the property. School District No. 59 was annexed to and became a part of Independent School District No. 6, apparently in 1949, and the school buildings were not thereafter used for school purposes. When the school district sought to remove the buildings from the property, plaintiff, Smith Spencer, who had purchased the property from William Spencer, brought this action to enjoin such removal, alleging that he was the owner of the buildings under the provisions of the lease above referred to. The answer of Independent School District No. 6 alleged that the board of education of School District No. 59 was not authorized to so dispose of the assets of the school district; that the action of the board of education was not ratified or affirmed by the legal voters residing in the district and that therefore as to it the provision was void and of no effect.

In Derieg v. Board of Education of the Town of Carnegie, 202 Okla. 577, 216 P. 2d 307, we held that where school property was placed upon the land of another under permission to use the land as long as it was used for school purposes, and the land ceased to be used for such purposes, the improvements placed thereon by the school board did not become the property of the landowner under the provisions of 60 O.S. 1941 §334, providing that where a person affixed his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to

the owner of the land. In that case we called attention to the provisions of the statute providing for the purchase or leasing of a site for a schoolhouse when and where designated by the voters of a district meeting, and the right of the school board to sell such property only when lawfully directed by the voters of the district. We quoted with approval from various cases denying the validity of such contract.

In Rose v. Board of Directors of School District No. 94 (Kan.) 179 P. 2d 181, which is cited with approval in Derieg v. Board of Education, supra, a contract similar to the present contract was considered by the Kansas Supreme Court, and that court held that under the provisions of a Kansas statute identical with 70 O.S. 1941 §69, the board of directors of a school district were without power or authority to enter into a contract providing that the improvements or appurtenances should revert to the landowner when the land was no longer used for school purposes, and that such provision was void.

While plaintiff seeks to distinguish the Derieg case, we think that regardless of the difference in the factual situation, the principle announced therein is controlling in the instant case. Both 70 O.S. 1941 §69 and 70 O.S. 1941 §114, which were in force and effect at the time the lease was made by the district board, provide for approval of a sale of the property of the district by the voters of the district as a prerequisite to a valid sale.

In this case the sole witness, who was the secretary of the school board of District No. 59 in 1920, testified that he personally made the lease deal with William Spencer, and that no school meeting was called to approve the same, but that the matter was left entirely to him. Under the plain provisions of our statute no authority was vested in either the secretary or the school board to contract away the property of the district.

Plaintiff argues that the reversion clause provided a consideration for the lease, but the secretary testified that he had no idea of the value of the improvements, and there is no showing that no other consideration passed from the school district to William Spencer at the time the lease was made. Furthermore, it is a matter of common knowledge that it was customary in rural districts for landowners to donate a small portion of their land for school purposes without consideration.

The district judge correctly held the reversion provision in the lease was invalid as to improvements placed thereon by the school district and did not err in holding that the school district could remove them from the land.

Affirmed.

WELCH, CORN, GIBSON, DAVISON, and JOHNSON, JJ., concur.