MERRITT INDEPENDENT SCHOOL DIST. NO. 2 OF BECKHAM COUNTY v. JONES.

No. 34919.   Nov. 5, 1952.

249 P. 2d 1007.

Wise & Ivester, Sayre, for plaintiff in error.

L. G. Brewer, Elk City, for defendant in error.

PER CURIAM. This is a quiet title action in which plaintiff sued a disorganized school district and its successors alleging abandonment of a school site and asserting a prescriptive title thereto by adverse possession. The parties will be referred to as they appeared in the trial court.

Defendant, Merritt Independent School District No. 2 of Beckham County, the last successor of the disorganized district, defended the action and asserted that adverse possession would not run against a public school district.

The cause was submitted on an agreed statement of facts. It was stipulated that in 1905, the two-acre site involved in the action was conveyed by duly recorded warranty deed from the owners thereof to School District No. 2 of Roger Mills county, that upon the advent of statehood this portion of Roger Mills county became a part of Beckham county, and said school district became a part of School District 8; that thereafter this land was included in the territorial limits of various school districts, and that for the last several years it was included within the territorial limits of Merritt Independent School District No. 2 of Beckham county.

It was stipulated that the school building was removed from the site many years ago and that for more than 25 years no school district claimed or possessed the land, or had any improvements thereon, and that plaintiff and his predecessors in title had been in continuous, quiet, peaceable, open and notorious possession of said land for more than 20 years, claiming the title thereto adversely to defendants.

Upon these agreed facts judgment was rendered quieting the title in plaintiff. To reverse this judgment defendant urges that a school district is a governmental agency, that the property in question was public property, and that the court erred in applying the doctrine of adverse possession.

In support of the judgment plaintiff urges that the property was abandoned for public purposes and was not held for any public use and that property held by a municipal corporation in a private or properietary capacity may be acquired by adverse possession.

Although it was stipulated that no school official or representative ever informed or notified the plaintiff, or his predecessors in title, that any school district had any claim or interest in the tract, there was no evidence which would require that such notice be given. The original deed to the school

district was at all times of record and it does not appear that plaintiff, or his predecessors, expended any money, made any improvements, or relied, to their prejudice, on the fact that no one made claim thereto for any school district. An estoppel based on a failure of duty of public officials cannot be invoked to defeat public rights. Foote v. Town of Watonga, 37 Okla. 43, 130 P. 597.

There were ample statutory provisions for the removal of the schoolhouse and for the sale of the site but there were none authorizing its abandonment. Nor was there any evidence of an abandonment of the title by the official affirmative action of any school board. The cases cited by plaintiff regarding the abandonment of easements for city streets, or of public roads where title reverts upon abandonment, involve statutory provisions and are not applicable here. These cases are distinguished in Town of Chouteau v. Blankenship, 194 Okla. 401, 152 P. 2d 379, wherein this court, adhering to the great weight of authority, held that the doctrine of adverse possession does not apply to property held by a municipality in trust for the public.

The general rule is that title by adverse possession may be acquired against all persons, except those excepted from the operation of the statute of limitations. Ordinarily, limitations will not run against the state or its subdivisions, unless they are expressly included as being within the operation of the statute. 1 Am. Jur. 802. In this state the statute of limitations is not operative against the state or its subdivisions where public rights are involved. The determining factor is whether the right affected is a private right or a public right. Herndon v. Board of County Commissioners of Pontotoc County, 158 Okla. 14, 11 P. 2d 939.

The statutes provide that school districts possess the usual powers of a corporation for public purposes. The decisive question in this case is the status of school property. The general rule that school property is public property was stated and approved by this court in James v. Union Graded School Dist. No. 2, 201 Okla. 573, 207 P. 2d 241, as follows:

"The general rule of ownership of property of school districts is stated under subject of Schools, 47 Am. Jur. 342, sec. 65, as follows:

" 'The ownership of school property is generally in the local district or school board as trustee for the public at large. Such property occupies the status of public property and is not to be regarded as the private property of the school district by which it is held or wherein it is located.' "

The statutory provisions regarding the acquisition of property are of common origin and may be found in ch. 7, Title 60, O.S. 1951. Section 333 thereof provides for the acquisition of title by prescription. Section 334 thereof provides that property affixed to the land of another belongs to the owner of the land. While the precise question of the applicability of section 333 to school property has never been determined by this court, it is well settled that section 334 does not apply against a school district.

In Derieg v. Board of Ed. of the Town of Carnegie, 202 Okla. 577, 216 P. 2d 307, a schoolhouse was erected upon the lands of another. After the pupils of the district were transferred to another district, the voters of the district voted to sell the building and its equipment. The landowner invoked section 334 of the above Title to enjoin the sale and removal of the property. Affirming the denial of the injunction, we held:

"Funds of a school district derived from taxation and the property of the district in which those funds are invested are a public trust and no claimed individual rights violative of this trust can be sustained. The provisions of 60 O.S. 1941 §334 may not be invoked to destroy such trusts."

In Sewell v. Reinhardt, 203 Okla. 239, 219 P. 2d 996, a school building was

erected on land conveyed to the district by a deed containing a reversion clause. When the property could no longer be used for school purposes, the schoolhouse and improvements were sold and removed. The land was quitclaimed to the heirs of the grantor who sought to invoke section 334, supra, by suing the school district and the purchaser of the building and improvements for damages. We held the statute inapplicable, that the schoolhouse was not a fixture within the contemplation of the statute, and that the title did not pass to the former owner by the reversion clause upon the abandonment of the property by the school district, or by its failure to use the schoolhouse for school purposes.

In Spencer v. Board of Ed., School Dist. No. 6, Haworth, 206 Okla. 657, 246 P. 2d 333, a school building was erected on leased premises and the lease expressly provided that upon the failure or refusal of the school district to have school on the leased premises, the land, together with all the improvements thereon, should revert to the lessor. Later the school district was annexed and became a part of an independent district and the buildings were not thereafter used for school purposes. The owner of the land sued to enforce the provisions of the lease and to restrain the removal of the buildings. The judgment denying injunction was affirmed on the ground that the provision in the lease that the improvements should revert to the landowner was invalid, that the property was held in trust for the public, and that no claimed individual rights violative of the trust could be sustained. The rule was stated:

"By the provisions of 70 O.S. 1941 §69 and 70 O.S. 1941 §114, the power of a school district board to dispose of school buildings or property is limited to cases where such disposal is authorized and directed by the inhabitants of the school district at a meeting lawfully held."

These decisions are controlling in the present action. If the school board by affirmative action could not dispose of school property, except as provided by statute, it could not divest the title by inaction.

The cases cited by plaintiff wherein we held that a city, in maintaining public parks, acts in a proprietary or private capacity rather than in a governmental capacity, are not applicable to school property which is held in trust for the general public.

The Utah case, Pioneer Investment & Trust Co. v. Board of Ed. of Salt Lake City, 99 P. 150, cited by plaintiff, also has no application. That case involved the construction of a general statute which applied limitations to actions by the state and another statute which prohibited the application of the doctrine of adverse possession to any lands held by any town or city designated for public use. The conclusion was reached that the property there involved was not held for public use. In the instant case the school property was held in trust for the public and the title thereto could only be acquired in the manner provided by statute.

For the reasons stated this cause is reversed and remanded to the trial court, with instructions to enter judgment against plaintiff.

This court acknowledges the services of Attorneys Charles L. Orr, Robert M. Rainey and John Eberle, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V.C.J., and WELCH, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.