Willard M. STEPHENS and Southie Stephens, Plaintiffs in Error,

v.

Floyd STEPHENS, Cleo Hedges, Dean Hedges and Bill Clapper, Defendants in Error.

No. 36061.

Supreme Court of Oklahoma.

Sept. 20, 1955.

Winfield Scott and H. R. Christopher, Enid, for plaintiffs in error.

Simons, Simons, Mitchell, Headrick & Munn, Enid, for defendants in error.

JOHNSON, Chief Justice.

Willard M. Stephens et ux., plaintiffs in error, as plaintiffs, brought an action against Floyd Stephens et al., as defendants for the recovery of money damages for the alleged wrongful conversion of their personal property. Jury was selected and plaintiffs' counsel made his opening statement. Defendants moved for judgment upon plaintiffs' statement of the case. The motion was sustained, resulting in this appeal.

The essential facts as alleged in plaintiffs' petition and confirmed by their counsel's opening statement are that plaintiffs owned a certain 40 acre tract of land from which one acre was reserved according to

a prior deed to a common school district for school purposes, title to revert to the owners of the 40 acre tract when abandoned for school purposes.

The property alleged as converted consisted of fence posts, fence wire, foundation stones and concrete slab walkways which were taken by defendants from the one school acre after the school had abandoned it for school purposes either with the consent of the school board at the time of taking, or by subsequent ratification of the board.

Plaintiffs' action as revealed by their pleading (petition) and their counsel's statement consists of a claim for damages for the value of the above named items, fence posts, et cetera, which they claim were a part of the realty and belonged to them as owners of the realty after the school acre was abandoned for school purposes, but on appeal they apparently have abandoned this contention and now claim that they were at least entitled to recover damages for the removal of wire from the entire 40 acres in question, and for that reason the court erred in dismissing their action.

 The contention that school fixtures placed on a school site where title is to revert to owner when abandoned for school purposes become a part of the realty, so as to constitute the reversioner, owner thereof, is without merit. See Spencer v. Board of Education, 206 Okl. 657, 246 P.2d 333, and Merritt Independent School Dist. No. 2 v. Jones, 207 Okl. 376, 249 P.2d 1007, and cases cited therein.

Plaintiffs' petition calls only for damages for removal of wire, posts, etc., from the school acre and not the entire forty acre tract. No mention is made of removal of fixtures from any other land. Likewise, counsel's opening statement referred to nothing except damages for the fixtures removed from the school acre.

Where party neither pleads facts upon which he claims a right of action, nor asks permission to amend his petition in the trial court so as to include his claimed right of action, his complaints relative thereto come too late to be heard in this Court on appeal.

Therefore, the judgment of dismissal is affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.