**HARTFORD FIRE INSURANCE COM-
PANY, Appellant,**

v.

**J. W. CAGLE, Appellee.**

**No. 5607.**

United States Court of Appeals
Tenth Circuit.

Oct. 28, 1957.

Walter D. Hanson, Oklahoma City, Okl. (Clarence P. Green, Oklahoma City, Okl., on the brief), for appellant.

J. L. Morehead and David Milsten, Tulsa, Okl. (Travis I. Milsten, Tulsa, Okl., on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Appellee, sometimes noted as the insured, instituted this action against the appellant insurance company seeking recovery upon a policy of fire insurance issued by the company to him and purporting to provide fire loss protection upon the insured's personal property to the sum of $3,000 and upon the premises occupied by the insured to the amount of $6,000. The case was tried to a jury and resulted in a verdict and judgment for $8,000 in favor of the insured. The insurance company now challenges the judgment asserting that appellee had no

or, at best, a limited insurable interest in the premises and that the verdict exceeds that allowable under the law and evidence.

On May 3, 1952, the insured entered into a written contract with one R. B. Barnett for the purchase of a farm and home at Kaw City, Oklahoma, which house was later insured by the appellee and is the subject matter of the present controversy. The Barnett contract obligated appellee to pay $35 per month until title to the property was perfected in Barnett and reflected in an abstract of title. No time limit was placed upon Barnett's performance duties but upon delivery of such abstract of title the remaining balance of the agreed total purchase price of $3,500 was to become due and payable from and by appellee, the purchaser. The contract further provided: "In case said title cannot be perfected the second party (Cagle) shall have the option of declaring said trade off and shall be permitted to remove any fences, buildings or other improvements he may have placed on the property, the first party (Barnett) to retain the monthly payments as rent for the time second party has had possession of the premises."

Upon execution of the Barnett contract appellee Cagle moved to the farm and made monthly payments of $35 per month for a period of three years and until the home was totally destroyed by fire in 1955. At the time of the fire Barnett had not furnished an abstract of title to the property nor tendered a deed nor had appellee Cagle demanded performance from him in any way. In fact, Barnett had no immediate prospects of being able to perform for he had, in 1954 leased certain mineral rights to a third person. Upon this factual background the trial court instructed that appellee had an insurable interest and limited the jury's consideration to the amount of such loss viewed within the policy limits. The appellant insurance company asserts this to be error requiring reversal.

Although the right or duty to insure property against loss from fire may be the subject of contract between vendor and vendee the risk of loss is upon the latter when in possession of the property under a contract of sale. Dunn v. Yakish, 10 Okl. 388, 61 P. 926. And Oklahoma has consistently held that ownership for the purpose of insurability lies in the vendee under an executory contract although the purchase price has not been fully paid. Globe & Rutgers Fire Ins. Co. v. Creekmore, 69 Okl. 238, 171 P. 874; Arkansas Ins. Co. v. Cox, 21 Okl. 873, 98 P. 552, 20 L.R.A.,N.S., 775; see also Des Moines Ins. Co. of Des Moines, Iowa, v. Moon, 33 Okl. 437, 126 P. 753. The appellant company suggests, however, that the acts of appellee and Barnett subsequent to the execution of their original contract indicates an abandonment of the agreement, or at least a jury question upon that issue which if resolved favorably would limit the company's liability to a return of premium or to the amount actually paid by appellee to Barnett as monthly payments. Emphasis is placed upon the contract provision allowing appellee to "call the trade off" if Barnett failed to perfect title.

No claim is made that appellee and Barnett ever specifically agreed to consider their original contract as nullified or modified in any way. The record contains no evidence of any conduct upon the part of appellee tending to show acquiescence in Barnett's alienation of the mineral rights underlying the subject lands. And certain it is that the wrongful and unilateral act of a vendor cannot destroy the insurable interest of a vendee under a mutually enforceable contract of sale unless the vendee by subsequent agreement or conduct evidences a clear intent to acquiesce in the abandonment or rescission of his contractual rights. And the proof of such intent upon the part of the vendee must be clear, positive and convincing. Asher v. Hull, 207 Okl. 478, 250 P.2d 866; Black v. Silver, 135 Okl. 198, 274 P. 886. In the instant case appellee continued

to pay the $35 per month, conduct entirely consistent with the terms of the contract and not persuasive of abandonment. After the fire, appellee Cagle moved off the premises (an act of necessity) and made no further payments; this failure may be of some concern to the vendor but cannot be utilized by the insurer to effect a retroactive abandonment.

■■ Appellant makes reference to authorities holding that one who has but an option to purchase can insure only to the extent of moneys paid in under the option and has no insurable interest beyond such sum. The rule has merit for it disallows the possibility of insurance speculation upon the property of others. However such rule has no application here. Appellee's option to "call the trade off" was not an option to purchase but rather to select a remedy upon default of the vendor.

■ Finally, appellant asserts that the jury's verdict is excessive as including damages to personal property not owned by appellee or not lost in the fire. In his proof of loss appellee itemized his personal property and placed a value upon the items totalling $4,001.25. This same list was reviewed by an expert witness, who determined the value of the listed items as not over $2,000. Appellant points out that a deep-freeze (valued by appellee at $603) was insured by another company and the insurance was paid after the fire. This was brought to the jury's attention. Further, the inventory as to lost personal items included a .22 target pistol (valued by appellee at $18) and the family Bible (valued at $14); Mr. Cagle made another inventory of personal items remaining in his possession after the fire and these two items also appeared in that list. Both lists were introduced into evidence. Since an owner is competent to testify as to the value of his property, Chase v. MacDonell, 154 Okl. 165, 7 P.2d 465, the jury was at liberty to consider the owner's valuation as well as that of the expert. The jury might well have deducted the value of the three questioned items from the award and it cannot be said that the verdict ignored the slight disparities or is beyond the maximum proof presented.

We find no error in the instructions of the court nor in the verdict of the jury.

Affirmed.