HIGH HILL RURAL DEVELOPMENT CLUB, an Unincorporated Association, by Charles Davis, Leon Allen and Della Allen, the President, Vice President and Secretary-Treasurer thereof respectively, and the Board of Directors of said Association, to-wit: Charles Davis, Leon Allen and Della Allen, and by their Attorney of Record, Hal Welch, Plaintiffs in Error,

v.

GREAT AMERICAN INSURANCE COMPANY NEW YORK, Independent School District Number 2 of Choctaw County, Oklahoma, as successor to Dependent School District Number 34 of Choctaw County, Oklahoma, and Independent School District Number 1 of Pushmataha County, Oklahoma, as successor to Dependent School District Number 34 of Choctaw County, Oklahoma, Defendants in Error.

No. 41385.

Supreme Court of Oklahoma.

April 18, 1967.

As Amended May 23, 1967.
Rehearing Denied May 31, 1967.

Hal Welch, Hugo, for plaintiffs in error.
Lon Kile, Hugo, for defendants in error.

IRWIN, Vice Chief Justice.

Defendant in error, Great American Insurance Company, was the insurer of a

building which had been formerly used for school purposes. The building was destroyed by fire and the company commenced proceedings to determine the ownership of the insurance proceeds and tendered the proceeds into court.

In so far as pertinent to this appeal, the defendants were the plaintiff in error, High Hill Rural Development Club, herein referred to as "Club"; and defendants in error, Independent School District No. 2 of Choctaw County and Independent School District No. 1 of Pushmataha County.

The cause was submitted to the trial court on the pleadings and the basic question presented was whether "Club" or the school districts were entitled to the insurance proceeds. The trial court determined the school districts were entitled to the proceeds and rendered judgment accordingly. "Club" perfected this appeal from the order overruling its motion for a new trial.

The pleadings disclose that when the insurance policy was first issued the school building belonged to Dependent School District No. 34 of Choctaw County and such school district was the beneficiary in the policy. Thereafter, this school district was dissolved and a portion thereof was annexed to Independent School District No. 2 of Choctaw County and the remainder was annexed to Independent School District No. 1 of Pushmataha County. Subsequent to the annexation, the beneficiary in the insurance policy was changed to "Club". "Club" is an unincorporated association located in the area formerly bounded by Dependent School District No. 34, the annexed school district, and prior to the fire the building was used for "Club" and community purposes and public gatherings.

■ "Club" contends that it had an insurable interest in the building and the insurance policy constituted a contract between it and the insurer and under the terms of the policy it was entitled to the proceeds.

In our opinion, "Club's" argument is not material to the issue presented. The insurance company did not deny liability but admitted liability. The only issue is who is entitled to the proceeds.

Under the provisions of Title 70 O.S. 1961, § 7-4, when an entire school district is annexed by two (2) or more districts, the property and assets of the disorganized district become the property and assets of the annexing districts and shall be divided by agreement between the Boards of Education of the annexing districts. No question concerning the division of the property and assets of the annexed school by the annexing school districts is presented.

It necessarily follows that when Dependent School District No. 34 of Choctaw County became annexed, the school building became the property of the two annexing school districts.

Section 7-6 of the above title provides:

"No building or appendages thereto of any school district that has been annexed to another school district or districts shall be rented, moved or sold by the board of education of the annexing district or districts without the approval of a majority of the school district electors in the annexed district voting on the proposition, if such building is being used at least once each ninety (90) days for public gatherings. Provided, that the board of education of the annexing district acquiring such building may require persons or groups using such building and appendages to pay the cost of maintenance, including insurance, of such building and appendages."

■ It is to be noted that the above section prohibits the renting, removal or selling buildings or appendages thereto under certain circumstances. Although the term "destroyed" is not specifically employed, the language "may require persons or

groups using such building \* \* \* to pay the cost of maintenance, including insurance", recognizes the possibility that such building could be accidently destroyed, either partially or totally, and if such event did transpire, the same could be covered by insurance. Since the property and other assets of an annexed school district becomes the property and assets of the annexing school district upon annexation, the statutory reference to insurance could not be construed to mean that the insurance would inure to the benefit of those who used the building and not to the benefit of the annexing school district which owned the building. The only logical interpretation of the above statutory provision is that the acquisition of insurance and the proceeds derived therefrom inures to the owner of the building, namely the annexing school district.

"Club" contends that the annexing school districts had no interest or right in or to the school building so long as the building was used for public gatherings in the absence of a majority vote of the annexed school district authorizing the rental, removal or sale thereof.

This argument overlooks the language of Sec. 7–4, supra, which specifically provides that the property and assets of an annexed school district becomes the property of the annexing school district upon annexation and also overlooks the fact that the annexing school districts could not have "given" this school building to "Club" had it wanted to do so.

In Merritt Independent School District No. 2 v. Jones, 207 Okl. 376, 249 P.2d 1007, we held that land owned by a school district is held as a public trust and may be disposed of only in a manner provided by law. There is no statutory authority which would authorize the "giving" of this building to the "Club" by the annexing school districts.

If the school boards of the annexing districts by affirmative action could not have encumbered or disposed of this building, except as provided by law, the school boards could not dispose of the building by inaction. Therefore, since the building was held in trust by the annexing school districts for the use and benefit of the public, the proceeds of the insurance policy are likewise public property that are held in trust for the school districts involved. In other words, when the building was destroyed by fire, there was an involuntary conversion of the property and the proceeds of the insurance policy represent or stand in the place of the property destroyed.

Judgment affirmed.

All the Justices concur.