Dimple MOBBS, Trustee,
Appellee,

v.

The CITY OF LEHIGH, a Municipal
Corporation, Appellant.

No. 47758.

Court of Appeals of Oklahoma,
Division No. 1.

Jan. 20, 1976.

Rehearing Denied March 2, 1976.

Released for Publication by Order of Court
of Appeals March 25, 1976.

Deaton, Gassaway & Davison, Inc., by
Austin R. Deaton, Jr., Ada, for appellee.

Gotcher, Gotcher & Gotcher, by Warren
Gotcher, McAlester, for appellant.

BOX, Judge:

An appeal by The City of Lehigh, a Municipal Corporation, movant in the trial court, from the overruling of a motion to vacate a prior judgment quieting title to certain real property.

The trial of the matter involved in the instant appeal was had on November 6, 1972, wherein title was quieted by judgment entered on November 8, 1972, in Dimple Mobbs, Trustee (appellee) to certain real property described as follows, to-wit:

"Southeast Quarter of the Northeast Quarter of the Southwest Quarter (SE ¼ NE¼ SW¼) of Section 21, Township 1 South, Range 10 East of the Indian Base and Meridian."

No appeal was taken from said judgment. Thereafter, the City of Lehigh, defendant in the trial court, filed a motion to vacate judgment on June 19, 1974. The motion to vacate was served on Dimple Mobbs, plaintiff in the trial court.

On August 1, 1974, the cause was heard and after oral argument by counsel, the court overruled the motion to vacate because proper statutory procedure was not followed. This appeal follows.

The question to be decided is, did the appellant, The City of Lehigh, follow the correct procedure in attempting to set aside the quiet title action?

Appellant filed in the trial court on June 19, 1974, an instrument as follows:

## "MOTION TO VACATE JUDGMENT

"Comes now the City of Lehigh, a municipal corporation, and moves this Court to set aside, vacate and hold for naught the judgment rendered herein on the 6th day of November, 1972, a true and correct copy is attached hereto, marked exhibit 'A', and made a part thereof by reference, for the reason that the same is totally void, and the same can be ascertained by examining the judgment rolls.

"The judgment is void upon its face for the reason that the Court quieted the title against this Defendant for the reason that a certain judgment entered of the 24th day of February, 1949 quieted hereto, marked exhibit 'B' and made a part hereof by reference was declared

res judicata. The judgment quiets the title on the basis of adverse possession. The doctrine of adverse possession does not apply to the State. *Merritt Independent School Dist. No. 2 of Becham [Beckham] County vs. Jones,* 207 Okl. 276 [376], 249 P.2d 1007 (1952), *Grand Lodge of Okl. Independant Order of Odd Fellows vs. Webb,* Okl., 306 P.2d 350 [340] (1957). A municipal corporation is an arm of the State, and the rules applying to the State also apply to a city. *Calkins vs. Ponca City,* 89 Okl. 100, 214 P. 188 (1233) (sic), *Byars vs. State,* 2 Okl.Cr. 481, 102 P. 804 (1909). Therefore, any judgment quieting title against a City on the basis of adverse possession is void on its face. A void judgment may be vacated at any time. Title 12, Oklahoma Statutes, Section 1038.

"The City of Lehigh is the true and lawful owner of the property in question. The City possessed and used the land in excess of the statutory period thereby giving the City a title by prescription. Title 60, Oklahoma Statutes, Section 333. The City can acquire property by adverse possession. *Oklahoma City vs. Pratt,* 185 Okl. 85 P.2d 596 (1939). The exhibit 'B' is found void on its face and should be vacated by the Court for the reason above stated.

"The City of Lehigh is the true and lawful owner of the property in question by the reason of a Condemnation Suit filed in 1916, a true and correct copy is attached hereto and marked exhibit 'C' and made a part thereof.

"WHEREFORE, Defendant moves this honorable Court to set aside, vacate and hold for naught the judgment entered herein for the reason the City may not have the doctrine of adverse possession adopted against the same and all such other just and equitable relief the Court may deem proper in the premises."

Thereafter a hearing was held wherein appellee argued as follows:

"BY MR. GASSAWAY: If the Court please, I would ask, before the Court

permits any testimony, a couple of things we would like to point out to the Court, first of all it is simply that the defendant's Motion to Vacate the Judgment alleges that the judgment is void on its face by reason of the court's finding heretofore quieting the title on the basis of adverse possession. I know the Court is familiar with the Court's judgment that he entered in the case and there is no adverse possession mentioned in it; it is based upon the forty year marketable title act.

"The defendant does have a remedy that can be pursued, but that is under Section 1033 and about the next five sections of Title 12, in which they are required to file a Petition to obtain service of summons. I think what counsel is suggesting here today could quite possibly be the procedure if those sections were complied with. I am prepared to argue at greater length if the Court please, but I am sure the Court has read many of these cases I have. Counsel and I do not disagree as far as adverse possession is concerned, but they simply have not pursued it that way and its not being followed in this case by counsel."

Thereafter the trial court made the following ruling:

"BY THE COURT: Motion to Vacate Judgment Overruled for the reason that the proper procedure to vacate a judgment has not been followed by the defendant. Exceptions allowed.

"BY MR. GOTCHER: Could the Court make another finding as to what the proper procedure would be?

"BY THE COURT: Well of course the Court just rules on matters as you present them Mr. Gotcher—its up to you to determine what, or how you want to present it.

"BY MR. GASSAWAY: I'm sorry I didn't hear the Court's Minute—I'm not hearing too well this morning—I wouldn't want to think I'm getting too old, but I just didn't hear.

"BY THE COURT: I overruled the Motion to Vacate Judgment for the reason that the proper statutory procedure has not been followed; its my understanding that there are certain Statutes to be followed, you move, or file your Motion, file an Answer, you issue summons, and so forth and set up your defense; now you've set up no defense to this except a Motion to Vacate."

Without setting out verbatim the record before this Court, the following actions appear in the record:

An instrument bearing date of January 23, 1915, titled *City of Lehigh v. Choctaw & Chickasaw Tribe of Indian Nations,* wherein a condemnation proceeding was had and commissioners appointed to appraise the following property, returned their report in part as follows:

"The E/2 of NE/4 of SW/4 and S/2 of NW/4 of SE/4 of Section 21, Township 1 South, Range 10 East, containing 40 acres in Coal County, Oklahoma, and within five miles of the City of Lehigh, Oklahoma; and further report that the City of Lehigh, a municipal corporation has locates (sic) its water works and is appropriating said lands for water works purposes and the same is necessary for said purposes."

In the same proceedings the court entered the following order, to-wit:

"NOW THEREFORE IT IS ORDERED, ADJUDGED AND DECREED, BY this Court that the report of said commissioners hereinabove named and given, be and said report of said commissioners is hereby in all things approved and confirmed. That the City of Lehigh is forever to have and to hold the aforesaid described real estate for public water work system to consist of water sheds, wells, pipe lines, pumping stations and such other structures and buildings above and under ground as may be necessary for the erection, extension, betterment and maintenance of such system of water works.

"And it is further ordered by this Court that the plaintiff, the City of Lehigh, do pay all cost of this proceedure. (sic)

"Witness my hand and the seal of this Court the day and year hereinabove written."

The next proceeding had was a Journal Entry entered on the 24th day of February, 1949, wherein it appears that after the court recited the entry of appearances, it was noted among other matters that ". . . and the City of Lehigh was served by delivering to E. L. MITCHAM, Mayor of Lehigh, Oklahoma, a true and correct copy of the summons on December 11, 1948 and not having filed his answer is in default; . . .." Said instrument thereafter reads as follows:

"The Court further finds that the Tax Re-Sale Deed issued to WILL KIRK by the Board of County Commissioners of Coal County, Oklahoma on the 12th day of August, 1940 recorded in Book 159 County Deed on Page 2 of the deed records of Coal County, Oklahoma; that the said re-Sale Tax Deed carries fee simple title to the said lands described as follows, to-wit:

"The West Half of the Southwest Quarter (W½ SW¼) and the Southeast Quarter of the Southwest Quarter (SE¼ SW¼) and the South Half of Northeast Quarter of the Southwest Quarter (W½ NE¼ SW¼) of Section Twenty-one (21), Township One (1) South, Range ten (10) East.

"That the said WILL KIRK is the owner of the said real property in fee simple, and is in peaceful possession of said lands.

"It is therefore the Order of the Court that WILL KIRK be, and he is hereby declared to be the owner in fee simple title to

"the West Half of the Southwest Quarter (W½ SW¼) and the Southeast Quarter of the Southwest Quarter (SE¼ SW¼) and the South Half of Northeast Quarter of the Southwest Quarter (S½ NE¼ SW¼) of Section Twenty-one (21), Township One (1) South, Range Ten (10) East,

and that each and all of the defendants is hereby forever restrained and perpetually enjoined from claiming any rights, title or interest in and to said above described lands.

/s/ SAM SULLIVAN
District Judge"

Thereafter appellee herein, on the 2nd day of August, 1971, filed her petition seeking to quiet title to the following real estate, to-wit:

The Southeast Quarter of the Northeast Quarter of the Southwest Quarter (SE/4 NE/4 SW/4) of Section 21, Township 1 South, Range 10 East.

The City of Lehigh filed their answer and amended answer, attaching the proceedings had in the original condemnation proceedings, supra, together with certain allegations wherein the City claimed open, notorious and exclusive holding and actual possession of the property from the year 1915.

Following a trial of the last mentioned suit, the trial court entered judgment on behalf of appellee quieting title. A part of said Journal Entry contains the following:

"On the 24th day of February, 1949, this Court made and entered a judgment in case No. 9248, *Will Kirk vs. Edward R. Holmes, et al.*, finding and decreeing that title to the above described real property was then vested in Will Kirk, the plaintiff in that action. In that same judgment this Court found that the City of Lehigh, the Defendant herein, had no right, title, interest or estate in and to this real property and the City of Lehigh was thereby forever restrained and perpetually enjoined from claiming any right, title, interest or estate therein. The City of Lehigh was properly served with summons in that cause and the judgment entered therein by this Court became final and therefore constitutes res ajudicata, thereby barring the De-

fendant's claims in this action, all issues involved here having been determined in that cause. The plaintiff in that action, Will Kirk, was one of the predecessors in title of the Plaintiff in this action and she acquired all the right, title, interest and estate of Will Kirk in and to that real property."

Appellee again in this appeal, argues that the appellant followed the wrong procedure in attempting to attack the last mentioned judgment, citing *Town of Watonga v. Crane Co.*, 189 Okl. 184, 114 P.2d 941, wherein the Supreme Court held as follows:

"A judgment is void on its face when the judgment roll affirmatively shows that the trial court lacked either (1) jurisdiction over the person; (2) jurisdiction over the subject matter; or (3) judicial power to render the particular judgment."

Further stating, "There is nothing on the judgment roll in this case which will render the judgment VOID."

Further, appellee contends as follows:

"A motion to vacate was not the proper way to attack the judgment in this cause.

"Since the judgments complained of by the Defendant were not void upon their face, the Defendant should have proceeded in accordance with 12 O.S.A. § 1033, by filing a petition, verified, stating a valid defense, and followed by the issuance of a summons. Since this procedure was not followed the motion to vacate was properly overruled."

We cannot agree with appellee's contentions. 12 O.S.1971, § 1038 reads as follows:

"Proceedings to vacate or modify a judgment or order, for the causes mentioned in subdivisions four, five and seven, of Section 5267 [Section 1031 of Title 12] must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant, or a person of un-

sound mind and then within two years after removal of such disability. Proceedings for the causes mentioned in subdivisions three and six of the same section, shall be within three years, and in subdivision nine, within one year after the defendant has notice of the judgment. *A void judgment may be vacated at any time, on motion of a party, or any person affected thereby.*" (Emphasis added.)

Void judgments may be vacated at any time, *Churchill v. Muegge*, Okl., 323 P.2d 339, and may be vacated at any time on the motion of any interested party. *State v. City of Tulsa*, 153 Okl. 262, 5 P.2d 744.

The City of Lehigh acquired this land and other lands for public water works. The procedure used was condemnation. Section 3 of the Act of Congress of March 3, 1901, 31 Stat. 1058, 25 USCA, Section 357, provides in substance that lands allotted in severalty may be condemned for public purposes under the laws of the state where the lands are located. Semple, Oklahoma Indian Land Titles, Annotated, Sec. 360, p. 274. The United States Government in 30 Stat. 495, sometimes known as the Act of June 28, 1898 (Curtis Bill) provided in Section 11 that incorporated towns have the right to condemn Indian lands. Semple, supra, page 590. The City of Lehigh had the right to condemn land for water works. Pursuant to the condemnation procedure, the City of Lehigh owned the land in question.

The public cannot lose lands by failure of public officials to act. In *Foote v. Town of Watonga*, 37 Okl. 43, 130 P. 597, at p. 598, the Supreme Court stated as follows:

"The general rule is stated thus by Judge Dillon in his work on Municipal Corporations (citations omitted) 'A careful examination of the decisions shows that the generally accepted doctrine is that the maxim "Nullum tempus occurrit regi," is not restricted in its application

to sovereign state or governments, but that its application extends to and includes public rights of all kinds, and that it applies to municipal corporations as trustees of the rights of the public, and protects from invasion and encroachment the property of the municipality which is held for and devoted to public use, no matter how lax the municipal authorities have been in asserting the rights of the public."

This doctrine was reaffirmed in *Merritt Independent School Dist. No. 2 v. Jones*, 207 Okl. 376, 249 P.2d 1007.

The journal entries, supra, further provide that the land is quieted against the defendant by virtue of title acquired through a tax deed. The City owned the land. Municipal lands are tax exempt. *State ex rel. City of Tulsa v. Mayes*, 174 Okl. 286, 51 P.2d 266; *Hampton v. Oklahoma City*, 161 Okl. 175, 18 P. 2d 518; *State ex rel. Com'rs of Land Office v. Galyon*, 154 Okl. 204, 7 P.2d 484. The statutes of the State of Oklahoma state the following:

68 O.S.1971, § 2405:

"The following property shall be exempt from taxation.

.    .    .    .    .    .

"(b) All property by this State, and of the counties, school districts, and municipalities of this State."

Therefore, it was erroneous and void to base a quiet title suit quieting lands against a city on a resale tax deed.

The appellant, once acquiring the land, can only dispose of it by statutory means. The precise manner is dictated by 11 O.S.1971, § 441. Therefore, unless authorized by statute, a court cannot judicially deprive a town of its property, and any judgment to the contrary is void. *Lewis v. Gillard*, 70 Okl. 231, 173 P. 1136. In the *Lewis* case, contrary to law, a court partitioned Indian land. Though all parties were before the court this judgment was void since the court was without jurisdic-

tion to do the same. If the judgment is void, it may be vacated at any time upon the motion of an interested party. In *Faught v. City of Sapulpa*, 145 Okl. 164, 292 P. 15, at p. 34, the Supreme Court laid down the test to determine the validity of a judgment, as follows:

"In determining the validity of a judgment against one of the political subdivisions of the state, the judgment roll must be examined, and, unless the judgment roll shows the same to be valid, the judgment is void on its face, and may be attacked in any proceeding, either directly or collaterally.

"What must the judgment roll show?

"It must show a petition which states a cause of action, filed in a court of competent jurisdiction. The relief asked must be within the jurisdiction of the court."

In the 1949 judgment, supra, there is a petition asking the court to quiet title against municipal property based upon a tax deed issued on municipal property. This is clearly improper. A person may not acquire municipal lands against a municipality on the strength of a tax deed. The 1972 judgment, supra, incorporates the erroneous judgment which further vitiates the judgment. All aspects of a judgment must be taken into consideration when a judgment's validity is attacked. *Jones v. Jones*, Okl., 442 P.2d 319.

The defendant has invoked the jurisdiction of the District Court of Coal County to vacate a void judgment. The procedural steps of 12 O.S.1971, § 1038 were followed. The motion asserted the reasons for the judgment being void, and orally before the court, the defendant asserted other grounds to show the judgment was without authority. Even though no appeal was taken the judgment may be attacked directly. *Sinclair Prairie Pipe Line Co. v. Excise Bd. of Tulsa County*, 173 Okl. 375, 49 P.2d 114. A direct attack on a judicial proceeding is an attempt to avoid

or correct it in some manner provided by law. *In re Hess Estate,* Okl., 379 P.2d 851.

The procedure followed by the defendant to directly attack a void judgment was the procedure outlined in 12 O.S.1971, § 1038, supra. The procedure was correct; therefore the court erred in not hearing the matter on its merits.

For the reasons herein stated, the order of the trial court is reversed and the trial court is directed to proceed with said hearing not inconsistent with the views herein expressed.

REVERSED.

REYNOLDS, P. J., and ROMANG, J., concur.