**W. M. ACREE, Plaintiff-Appellant,**

v.

**HANOVER INSURANCE COMPANY and Fireman's Fund Insurance Company, Defendants,**

**and**

**Donald R. Martin and Joyce Martin, Intervenors-Appellees.**

No. 76–1339.

United States Court of Appeals, Tenth Circuit.

Decided Sept. 8, 1977.

Argued and Submitted May 19, 1977.

217

Mary Lu T. Gordon, Oklahoma City, Okl. (Robert E. Shelton, Oklahoma City, Okl., on the briefs), for plaintiff-appellant.

Burton J. Johnson, Oklahoma City, Okl. (Watts, Looney, Nichols, Johnson & Hays, Oklahoma City, Okl., on the brief), for intervenors-appellees.

Before LEWIS, Chief Judge, and BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this diversity case the question is whether the seller or the buyer is entitled to the proceeds of insurance policies covering damage which occurred when the insured property was under an executory sales contract later consummated by the parties. The trial court gave summary judgment for the buyer. The seller appeals. We affirm.

On March 8, 1974, plaintiff-appellant Acree, Seller, contracted to sell his home in Chickasha, Oklahoma, to Donald R. and Joyce Martin, Buyer, for $125,000. The sale was to be completed and possession delivered to Buyer on July 8, 1974. On June 18, 1974, Seller renewed two insurance policies on the premises. On June 23, the premises were damaged by fire and vandalism.

The contract provided that if the property should be damaged to any appreciable extent by fire, Buyer could "at his option, refuse to complete said sale, and said escrow money shall be returned to him and this contract shall be null and void." The contract did not mention any obligation on the part of either party to keep the premises insured. After the fire, Buyer elected to complete the contract, paid the full purchase price, and took possession. Buyer claims, and Seller denies, that the sale was completed with the understanding that Buyer would receive the proceeds from the insurance policies.

Defendants Hanover Insurance Company and Fireman's Fund Insurance Company insured the premises. They refused to pay Seller, who then sued them in federal court. Buyer intervened. The material facts are not disputed. The district court gave judgment for Buyer against the insurors for $13,000. The insurors paid that amount into the court registry and do not participate in this appeal by Seller.

The parties agree that Oklahoma law governs the disposition of the controversy and that there is no Oklahoma decision directly in point. Seller contends that the insurance policies are personal contracts of indemnity for the benefit of the insured. He says that Buyer has not bargained for the benefit of Seller's insurance and is not entitled to the proceeds arising from the fire damage. Buyer says that the insurance is to indemnify for damage to the insured property and that, because he has paid the full purchase price, recovery of the insurance proceeds by Seller would inequitably and unjustly enrich Seller.

Two opposing lines of cases have dealt with the right to insurance proceeds when the damaged property was under an executory sales contract. One line holds in essence that insurance is a personal contract of indemnity to protect the interest of the insured. See e. g. *Brownell v. Board of Education of Inside School District*, 239 N.Y. 369, 146 N.E. 630, 632. The other line recognizes an insurable interest in both the seller and buyer and holds that when a seller has received insurance proceeds for damage to property covered by an executory sales contract and the seller has later received the full purchase price, the seller holds the proceeds in trust for the buyer. See e. g. *Brady v. Welsh*, 200 Iowa 44, 204 N.W. 235, 236. The existence of these two lines of authority has long been recognized. In addition to *Brady v. Welsh*, see *Glens Falls Insurance Company v. Sterling*, 219 Md. 217, 148 A.2d 453, 455–456, and Annotation in 64 A.L.R.2d 1402, 1404–1414. Oklahoma has no cases decisive of the issue.

■ The liability of the insurors is not before us. They have paid the loss. Our concern is whether Buyer or Seller is entitled to the amount paid. The sale has been consummated and Seller has been paid in full. The fact that before consummation each party claimed the insurance proceeds is irrelevant. No agreement was reached. The contract provision permitting Buyer to rescind in the event of appreciable fire damage did not convert the contract into an option to purchase. Rather, it gave Buyer a choice of remedy. See *Hartford Fire Insurance Company v. Cagle*, 10 Cir., 249 F.2d 241, 243, a case arising in Oklahoma.

■ At the time of the fire, Buyer had equitable title to the property, and Seller, as legal title owner, held the property in trust for Buyer, see *Western Assur. Co. v. Hughes*, 179 Okl. 254, 66 P.2d 1056, 1058, and as security for the payment of the purchase price. It may be that Buyer was entitled to have the purchase price diminished by the amount of the fire loss. See *Alabama Farm Bureau Mutual Insurance Service, Inc. v. Nixon*, 268 Ala. 271, 105 So.2d 643, 646. In the case at bar, Buyer paid the full price and Seller seeks the insurance proceeds in addition thereto.

Seller asserts that *Welch v. Montgomery*, 201 Okl. 289, 205 P.2d 288, supports his position. That case related to a claim by a lienor to the proceeds of insurance obtained by the lienee. The claim was disallowed. The court said, Ibid. 205 P.2d at 291: "Equity will not take rights acquired by one who has been vigilant and give their benefit to one who has lost by reason of nonaction." The position of a lienor, however, is significantly different from that of a buyer. A lienor has neither equitable title to the property nor a right to demand specific performance. In the instant case Buyer held equitable title and had the right to require performance.

The effect of *Welch v. Montgomery* is somewhat dissipated by *High Hill Rural Development Club v. Great American Ins. Co.*, Okl., 428 P.2d 249. There, because of annexation of school districts, a school building was no longer used for school purposes and was occupied by a club which secured insurance, naming itself as beneficiary. The building was destroyed by fire and the club claimed the insurance proceeds. The court ruled that the proceeds were held in trust for the school districts, explaining, Ibid. 428 P.2d at 251, that "* * * when the building was destroyed by fire, there was an involuntary conversion of the property and the proceeds of the insurance policy represent or stand in the place of the property destroyed." Although the case differs from that at bar because the building was public property, the quoted statement is pertinent here.

The Uniform Vendor and Purchaser Risk Act, adopted by Oklahoma in 16 O.S.A. § 202, has no applicability. The provisions of its subsection (a) apply "unless the contract expressly provides otherwise". In the instant case the sales contract has an express provision relating to the right of Buyer if the property is appreciably damaged by fire. At the time of the fire the contract was executory, but it gave Buyer the option of completion. The completion of the contract extinguished whatever risk had previously been borne by Seller. In the circumstances, the time of the fire is not determinative of the rights of the parties.

A fire insurance policy indemnifies the holder of an insurable interest against actual loss. 4 Appleman, Insurance Law and Practice, 1969 ed. § 2107, 16–17. Seller sustained no loss. He has received the full sale price. He is not entitled to a partial double payment. See *Republic Insurance Company, Dallas, Texas v. French*, 10 Cir., 180 F.2d 796, 799, a case arising under Oklahoma law. If the insurors had exercised their policy options of repairing and restoring the property, Buyer would have suffered no loss. Insurors paid rather than repaired. The insurance proceeds stand in place of the damages to the property.

The line of decisions which holds that in the circumstances presented here the Seller holds the legal title in trust for the equitable title of the Buyer is well reasoned. The legitimate contractual expectations of all parties are realized. Seller receives the price for which he bargained. The insurors pay the damage within the coverage of their policies. Buyer gets the property for the price which he agreed to pay and receives the benefits of the insurance as recompense for the damage to the property. The trial court concluded that if the Supreme Court of Oklahoma were ever presented with the problem, it would follow the rule which allows Buyer to receive the insurance benefits. In the absence of a controlling Oklahoma decision, the trial court's determination is most persuasive. *United States v. Wyoming National Bank of Casper*, 10 Cir., 505 F.2d 1064, 1068. We are convinced that the trial judge reached the correct conclusion.

Affirmed.